343 So.2d 1000 (1977)
Joseph POLOZOLA
v.
GARLOCK, INC., et al.
No. 58404.
Supreme Court of Louisiana.
February 28, 1977.
Rehearing Denied April 7, 1977.
*1001 Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, for third party plaintiffs-applicants.
John Swanner, William C. Kaufman, III, Seale, Smith & Phelps, Baton Rouge, for third party defendant-respondent.
MARCUS, Justice.
National Maintenance Corporation, an industrial maintenance contractor, on November 4, 1970 contracted with Dow Chemical Company to maintain Dow's production facilities at its plant in Plaquemine, Louisiana. Dow also had a similar contract with H. E. Wiese, Inc. The two industrial contractors, Wiese and National Maintenance, divided their maintenance responsibilities within the Dow complex along certain geographical lines. However, Wiese employees frequently worked in the area of the plant over which National Maintenance had primary responsibility for maintenance. Similarly, National Maintenance employees often worked in the area of the plant generally assigned to Wiese.
On August 20, 1971, Joseph Polozola, a pipefitter carried on the Wiese payroll, was injured when a jet of liquid propylene oxide shot out from a valve flame that he was repairing and struck him in the face. At the time of the accident, he was working in the area of Dow's facility assigned to National Maintenance. Polozola brought an action for damages against Garlock, Inc., the manufacturer of the valve, against National Maintenance and one of its supervisors, Cecil Voss, and against three of Dow's supervisory employees, Jon Kiggans, David Schneblen and Bill Garlington, alleging that their negligence caused his injuries. The three Dow employees denied liability and alternatively filed a third party action for indemnity against Wiese and National Maintenance as well as Hartford Accident & Indemnity Co. and Fireman's Fund Insurance Co., the insurers of Wiese and National Maintenance respectively. Pursuant to indemnity agreements contained in the maintenance contracts between Dow and the two contractors, third party plaintiffs demanded indemnification against all loss, costs, and expenses (including attorney's fees) that they would incur as a result of Polozola's claim.
Polozola's claims against Jon Kiggans, David Schneblen and Bill Garlington, the three Dow employees, were subsequently settled and a limited judgment of dismissal *1002 was entered specifically reserving all other rights of the parties, including the right of the Dow employees to recover judgment on their third party demand for indemnification. Associated Indemnity Corporation, the liability insurer of Dow and its employees, contributed the major portion of the funds paid to Polozola in settlement of his claim against the Dow employees, and accordingly intervened in their indemnity demand as their subrogee.
National Maintenance and its insurer thereupon filed a motion for summary judgment seeking dismissal of the third party demand for indemnity on the ground that the indemnity clause of the maintenance contract between Dow and National Maintenance did not entitle Dow employees to indemnification against losses caused by their own negligence. The trial court granted the motion for summary judgment and dismissed the third party demand. The court of appeal affirmed. 334 So.2d 530 (La.App. 1st Cir. 1976). Noting that its decision was inconsistent with Lee v. Allied Chemical Corp., 331 So.2d 608 (La.App. 1st Cir.), cert. denied, 337 So.2d 525 (La.1976) ("judgment not final") which allowed indemnification under a similar indemnity clause, upon third party plaintiffs' and intervenor's application we granted certiorari. 338 So.2d 287 (La.1976).
The issue before us is whether National Maintenance has obligated itself under the maintenance contract with Dow to indemnify the three Dow employees and their liability insurer against the loss and expense that they have incurred in the defense of and settlement of Polozola's claims.[1]
The indemnity agreement is contained in article VI of the contract between Dow and National Maintenance. It provides as follows:
ARTICLE VI-INDEMNITY
6.1 Contractor assumes the entire responsibility and liability and will protect, indemnify and hold harmless Dow, its agents, servants and employees from and against any and all losses, expenses, demands and claims made against Dow, its agents, servants and employees, by Contractor or its subcontractors, or any employee, agent or servant of Contractor or its subcontractors or any other third person because of injury or alleged injury (including death), whether caused by Dow's negligence or otherwise, arising from any source while Contractor or its subcontractors, or any employee, agent or servant of Contractor or its subcontractors are on premises owned, operated or leased by Dow or under the control of Dow, or while Contractor or its subcontractors, or any employee, agent or servant of Contractor or its subcontractors are performing under this agreement, and Contractor agrees to defend any suit, action or cause of action brought against Dow, its agents, servants or employees, based on any such alleged injury, and to pay all damages, costs and expenses, including attorneys' fees, in connection therewith or resulting therefrom. (Emphasis added.)
The agreement states that National Maintenance will indemnify Dow, its agents, servants or employees against claims made by National Maintenance or its subcontractors, agents, servants or employees because of injury "whether caused by Dow's negligence or otherwise." The court of appeal noted that the phrase "whether caused by Dow's negligence or otherwise" fails to include Dow's agents, servants and employees. The court thus concluded that National Maintenance only agreed to indemnify Dow, the corporation, against claims made against Dow because of Dow's, the corporation's, negligence, but did not *1003 agree to indemnify Dow's agents, servants and employees against claims made against them based on their own negligence.
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms. Lee v. Allied Chemical Corp., supra; Strickland v. Nutt, 264 So.2d 317 (La.App. 1st Cir.), cert. denied, 262 La. 1124, 266 So.2d 432 (1972); Elephant, Inc. v. Hartford Accident & Indemnity Co., 216 So.2d 837 (La. App. 1st Cir. 1968), on remand, 239 So.2d 692 (La.App. 1st Cir. 1970); Arnold v. Stupp Corp., 205 So.2d 797 (La.App. 1st Cir. 1967); Jennings v. Ralston Purina Co., 201 So.2d 168 (La.App. 2d Cir.), cert. denied, 251 La. 215, 203 So.2d 554 (1967).
After construing the instant indemnity agreement in accordance with the above stated rule, we think the court of appeal erred in holding that the contract does not indemnify Dow employees against losses resulting to them through their own negligence.
The contract unambiguously provides that National Maintenance will indemnify Dow and Dow's agents, servants and employees against any and all losses resulting from claims arising from any source because of injury made against them by National Maintenance employees, and that based on any such alleged injury, National Maintenance will defend Dow, and Dow's agents, servants and employees, and will pay to them all damages, costs and expenses, including attorney fees, resulting therefrom.
We need not decide whether that contractual language, without more, evidences an unequivocal intention to indemnify Dow employees against losses caused by their own negligence, for the agreement further provides that National Maintenance will indemnify Dow, its agents, servants and employees against claims based on such injuries whether caused by Dow's negligence or otherwise. We do not ascribe any significance to the omission of the phrase "Dow's agents, servants and employees" from the "negligence" clause of the contract. Clearly Dow, the corporation, cannot (at least in the context of this agreement) itself be negligent, except under the doctrine of respondeat superior for the negligent acts of its agents, servants or employees committed within the scope of their agency or employment. La.Civil Code art. 2320 (1870). Construing the clause to exclude Dow's agents, servants and employees therefrom renders it virtually nugatory. Such a construction should be avoided in favor of one that gives the clause effect. La.Civil Code art. 1951 (1870).
Moreover, we note that in three of the four instances in which "Dow" is named in the indemnity paragraph of the contract, it is followed by "its agents, servants and employees." When there is a doubt as to the true sense of the words of a contract, they may be explained by referring to other words or phrases used in making the same contract. La.Civil Code art. 1948 (1870). Since no intention to exclude Dow employees from the clause "whether caused by Dow's negligence or otherwise" is discernible, the clause should be construed by reference to the phrase "Dow, its agents, servants and employees" used repeatedly in the same paragraph of the contract.
Further, all clauses of a contract should be interpreted the one by the other, giving to each the sense that results from the entire agreement. La.Civil Code art. 1955 (1870).
Finally, when there is anything doubtful in agreements, including indemnity agreements, we must endeavor to ascertain what was the common intention of the parties, rather than adhere to the literal sense of the terms. La.Civil Code art. 1950 (1870). By holding that the phrase "whether caused by Dow's negligence or otherwise" excluded Dow employees, the court of appeal rendered an interpretation of the contract that was clearly contrary to the intent of the parties thereto. While we are *1004 mindful of the principle that indemnity contracts whereby the indemnitee is indemnified against the consequences of his own negligence must be strictly construed, we are certain that the parties herein unequivocally intended that result.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed; the motion for summary judgment filed by National Maintenance Corporation is overruled; and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion. All costs in connection with the motion for summary judgment shall be paid by National Maintenance Corporation. Assessment of other costs shall await the final outcome of the litigation.
NOTES
[1] For the limited purpose of reviewing National Maintenance's motion for summary judgment, we assume, but do not decide, that Polozola was an employee of National Maintenance at the time he was injured. The indemnity agreement, quoted infra, provides that National Maintenance will indemnify and defend claims made against Dow employees by National Maintenance employees. Whether or not Polozola, who was on the Wiese payroll, was a borrowed employee of National Maintenance when he was injured is an issue that has not yet been litigated and ruled on by the trial court.