CHIASSON, Judge.
On April 21, 1977, John W. Roberts, II filed a tort suit against Allied Chemical Corporation (Allied), its insurer, The Travelers Indemnity Company (Travelers),[1] National Maintenance Corporation (National) and its insurer, United States Fidelity and Guaranty Company (USF&G). Allied and Travelers answered and filed a third party demand against National and USF&G. In November of 1977, Allied and Travelers moved for a summary judgment against the plaintiff and for a summary judgment against National. On December 19, 1977, USF&G and the plaintiff entered into a release and assignment of plaintiff’s claim.
On February 1, 1978, the motion for summary judgment was granted as to Allied and Travelers against plaintiff. On September 29, 1978, summary judgment was granted as to Travelers against National and declaring that National, under the terms and conditions of a written contract between National and Allied, is legally obligated to indemnify and hold harmless Allied’s officers, directors, and employees against all liability assessed against them in this case; that Travelers is entitled to be subrogated to the aforesaid rights of Allied’s officers, directors, and employees against National; and that Travelers is entitled to be defended by National. From this judgment National and USF&G have appealed.
Appellants urge one specification of error. They argued that the lower court erred in holding that the indemnity agreement between Allied and National required National to indemnify Allied’s employees for negligence which had no connexity or relationship with the work actually being performed by National when the accident occurred.
The indemnity agreement is contained in Article IX of the contract between Allied and National. It provides as follows:
“9.01 CONTRACTOR shall be responsible for and shall indemnify, exonerate and save harmless ALLIED CHEMICAL, its officers, agents and employees, from and against:

“b) Any and all liability, damage, loss, cost, expense, claims, demands, suits, actions, judgments, or recoveries for or on account of any injury to or death of persons or damage to property, including, but not by way of limitation, damage to property of CONTRACTOR, ALLIED CHEMICAL or others, or injury, death of, or damage to property of ALLIED CHEMICAL or CONTRACTOR’S officers, agents, employees, servants or representatives, arising out of or in any way occurring directly or indirectly in connection with the work, except as set forth in c) below, including, without limitation, dele-gable or non-delegable duties imposed on *1116 CONTRACTOR or ALLIED CHEMICAL by law, whether or not any such injury, death, or damage may have been caused or alleged to have been caused by the negligence (whether classified as active, passive or otherwise) of ALLIED CHEMICAL, or the condition of the premises or otherwise, and CONTRACTOR shall at its own expense defend any and all actions based thereon. Any loss, damage, cost or expense incurred by ALLIED CHEMICAL in connection with the foregoing may be deducted from CONTRACTOR’S compensation then due or thereafter to become due, in addition to any other remedy that ALLIED CHEMICAL may have.
# s}: :{: %
“9.02 Anything to the contrary notwithstanding, CONTRACTOR’S liability under this ARTICLE IX shall not include the risks to be insured against by ALLIED CHEMICAL which are set forth in Sections 5.04 and 5.05 of ARTICLE V insofar as any loss is covered by such insurance.”
Appellants argued that the Allied employees’ liability for the injury did not arise out of the work as defined by the contract. Appellants contend that under the provisions of Article 9.01, they (National) contracted to indemnify Allied, its officers, agents and employees from and against “Any and all liability ... for or on account of any injury ... of persons . arising out of or in any way occurring directly or indirectly in connection with the work. . . . ” The contract also provides in Article I, 1.01 a statement of work, as follows:
“Services — CONTRACTOR shall furnish to ALLIED CHEMICAL at-its aforesaid chemical plants miscellaneous maintenance services consisting in general of, but not limited to, supervision, labor, materials, tools and equipment. Such services shall be performed by CONTRACTOR only as and when directed by ALLIED CHEMICAL.”
Plaintiff[2] was injured when some hot phosphoric acid escaped from an evaporator vessel after he had moved a flange at the bottom of the vessel. Under appellants’ argument the injury did not result from negligence on the part of any Allied or National employee working on the procedure of moving the flange, but rather from the negligence of the safety or design employees of Allied in developing the procedure for cleaning the vessel before opening the flange. Further, appellants contend this negligence was at a different time and at a different place as compared to the time and place of this accident.
Appellants’ argument is novel but we cannot accept it. A fair reading of the plaintiff’s petition is that he is complaining of “the condition of the premises.” Additionally, the indemnity agreement specifies that Allied, its officers, agents, and employees are indemnified against their liability for injury to a person “arising out of or in any way occurring directly or indirectly in connection with the work.” We find in the instant case that negligence on the part of Allied’s employees in the design or determination of the procedure to be used in cleaning such a vessel before it is opened comes within the ambit of the above cited language. Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977); Lee v. Allied Chemical Corporation, 331 So.2d 608 (La.App. 1st Cir. 1976).
For the reasons given, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.

. This is the correct name of this insurer, erroneously referred to by the trial court as The Travelers Insurance Company.

. A pipe fitter employee of National performing maintenance work at Allied’s Geismar plant at the time of the injury.