428 So.2d 1097 (1983)
RELIANCE INSURANCE COMPANY, et al.
v.
BARNARD & BURK, INC., et al.
FIREMAN'S FUND INSURANCE COMPANY
v.
RELIANCE INSURANCE COMPANY.
Nos. 82 CA 0433, 82 CA 0434.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 15, 1983.
*1098 Peter T. Dazzio, Baton Rouge, for plaintiffs-appellees Reliance Ins. Co. and Rubicon Chemicals, Inc.
Boris Navratil, Dorothy Dubroc Thomas, Jay G. McMains, Baton Rouge, for defendants-appellants Barnard & Burk, Inc., Plant Services Const. Div. and Fireman's Fund Ins. Co.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal by Barnard & Burk, Inc. and Fireman's Fund Insurance Company from a partial summary judgment in favor of Reliance Insurance Company (insurer of Rubicon Chemicals, Inc.). The issue is whether an indemnity provision in the contract between Rubicon Chemicals, Inc. and Barnard & Burk, Inc. is applicable and enforceable in the instant case.
On January 29, 1974, a release of phosgene gas occurred at the Geismar, Louisiana plant of Rubicon Chemicals, Inc. Fourteen employees of Barnard & Burk, Inc., Plant Service Construction Division, were injured and one employee was killed as a result of the accident. Barnard & Burk, Inc. was at that time under contract with Rubicon to do certain maintenance work at the Rubicon Plant. Employees of Barnard & Burk had shut down the MDI Reactor section and were in the process of cleaning coils and reactor walls when the release of gas occurred.
Reliance Insurance Company, Rubicon's liability insurer, without admitting any liability, paid to the fourteen injured Barnard & Burk, Inc. employees the sum of $46,312.54 for injuries, loss of wages, and medical expenses. Rubicon and Reliance then filed suit on January 28, 1975 against Barnard & Burk and Fireman's Fund Insurance Company, liability insurer of Barnard & Burk, for the sums paid by Reliance plus legal interest and for investigative expenses and attorney fees. Rubicon and Reliance based their suit for indemnification on a section in the contract between Rubicon and Barnard & Burk which reads as follows:
"Contractor shall indemnify and hold Owner harmless from all claims, suits, actions, losses and damages for personal injury, including death and property damage, even though caused by the negligence *1099 of the Owner, arising out of Contractor's performance of the work contemplated by this Agreement."
Alternatively, Rubicon and Reliance claimed that they became legally and conventionally subrogated to the claims of the workers against defendants and sought indemnification from the defendants as sole tortfeasors, or, in the further alternative, contribution as joint tortfeasors.
Reliance and Rubicon filed a supplemental and amended petition naming as additional defendants Dean Armstrong, Rodney L. Cook, John S. "Jack" Burk, John L. Daniel, Sidney A. Blanchard, and Allen Harth, all employees of Barnard & Burk. In a second supplemental and amended petition, Reliance alleged that it was also the liability insurer of Rubicon's agents, executive officers, employees and others who were allegedly insured for any and all alleged liability which was the subject of this litigation. A third supplemental and amended petition prayed for an additional $100,000.00 recently paid to the daughter and widow of Mack Hamptom, employee of Barnard & Burk who died as a result of the accident.
Fireman's Fund filed suit against Reliance for the sum of $32,835.70 plus legal interest and costs. This sum represented the amount Fireman's Fund had paid in workmen's compensation benefits to the injured Barnard & Burk workers. Fireman's Fund also asked for any additional amounts it might have to pay in the future. Fireman's Fund alleged that the negligence of certain Rubicon employees was the proximate cause of the injuries and that Reliance, as liability insurer of Rubicon, was liable to it, in solido, with the Rubicon employees for reimbursement of the workmen's compensation benefits paid. Reliance answered this petition and made third-party demands against Barnard & Burk, Fireman's Fund, Dean Armstrong, Rodney L. Cook, John L. Daniels, Sidney A. Blanchard, and Allen Harth for any amounts it might be liable to pay to Fireman's Fund for the workmen's compensation benefits paid. Reliance also repeated the allegations and demands made in its petitions against Barnard & Burk and Fireman's Fund.
On November 4, 1981, these two suits were consolidated for trial, and on January 7,1982, Reliance and Rubicon filed a motion for summary judgment for the sum of $146,312.54 with legal interest plus investigative expenses and attorney fees. On May 6, 1982, the district court granted a partial summary judgment in favor of Reliance and against Barnard & Burk and Fireman's Fund in solido holding that Reliance was entitled to full indemnification for $146,312.54, the amount of the settlement payments made. The court also rejected Fireman's Fund's third-party demand against Reliance claiming indemnification for all sums which Fireman's Fund, in its capacity as workmen's compensation insurer of Barnard & Burk, paid to injured employees.
The trial court based its judgment on principles enunciated in the case of Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977), which construed an indemnity provision in a contract between Dow Chemical Company and National Maintenance Corporation to cover the negligent acts of Dow's employees.
Barnard & Burk and Fireman's Fund appeal with the following two specifications of error.

SPECIFICATIONS OF ERROR
1. The trial judge erred in interpreting an indemnity contract so as to afford indemnity to corporate officers and supervisors who were not specifically named in the indemnity agreement.
2. Alternatively, the trial judge erred in allowing Rubicon to be indemnified against payments made in settlement of claims which Rubicon did not owe.

SPECIFICATION OF ERROR NO. 1
Appellants argue that the indemnification clause applies only to claims against the "Owner" (Rubicon, Inc.) and not to claims against officers, agents, or employees of Rubicon. Appellants urge that a reasonable interpretation of the clause is *1100 that it was intended to cover only Rubicon's corporate liability to persons other than those in employment relationships with the company, such as neighbors injured by a phosgene spill from within the Rubicon Plant caused by faulty maintenance work done by Barnard & Burk. Further, appellants note that article 16 of the contract contains a separate indemnity clause dealing with liability arising from the use of tools lent by Rubicon to Barnard & Burk workers, which extends to Rubicon's "officers, agents and employees." Appellants argue that the fact that the parties obviously knew how to express their intent to indemnify employees by specific language only serves to underscore that they intended no such result when it came to general indemnity obligations covered by the general indemnity clause.
Appellants strenuously contend that the trial judge misinterpreted Polozola. Appellants contend that Polozola is factually distinguishable from the instant case because in Polozola the indemnity clause specifically stated that the contractor was to indemnify "Dow, its agents, servants and employees." The "agents, servants and employees" were not mentioned again in that portion of the indemnity clause covering the owner's negligence. In the indemnity clause of the contract in the instant case, there is no mention at all of "agents, servants and employees." Appellants further contend that the trial judge erred in trying to ascertain the "common intention" of the parties when the clause is not ambiguous and clearly covers only Rubicon, Inc.
In response, Reliance argues that a corporation can only be negligent through its employees, and therefore a hold harmless agreement not specifically mentioning employees or officers is still enforceable as indemnifying the officers and employees of that company when they are acting for and on behalf of the company.
Reliance urges the court to read the contract along with all the accompanying documents, such as the contractually required insurance coverage. Reliance points out that the certificate of insurance which was required from Barnard & Burk specifically states that coverage extends to damages caused by the "negligence of the owner or his employees."
Although appellants are correct in their contention that the Polozola case is factually distinguishable from the instant case, the factual difference is not determinative of the real issue. Polozola involved an interpretation of an indemnity provision in a maintenance contract between National Maintenance Corporation, an industrial maintenance contractor, and Dow Chemical Company. Plaintiff (who was considered an employee of National Maintenance for purposes of that suit) was injured on the job and sued three Dow employees. These claims were settled. Associated Indemnity Corporation, the liability insurer of Dow and its employees, contributed the major portion of the settlement. The Dow employees and Associated demanded indemnity from National Maintenance for sums paid in the settlement of the claims against the employees. National Maintenance and its insurer filed a motion for summary judgment seeking dismissal of their demands on the ground that the indemnity clause of the maintenance contract between Dow and National Maintenance did not entitle Dow employees to indemnification against losses caused by their own negligence. The Louisiana Supreme Court held in favor of indemnification.
The pertinent portion of the indemnity provision in the Polozola case reads as follows:
"Contractor assumes the entire responsibility and liability and will protect, indemnify and hold harmless Dow, its agents, servants and employees from and against any and all losses, expenses, demands and claims made against Dow, its agents, servants and employees, by Contractor or its subcontractors, or any employee, agent, or servant of Contractor or its subcontractors or any other third person because of injury or alleged injury (including death), whether caused by Dow's negligence or otherwise, arising from any source while Contractor or its *1101 subcontractors, or any employee, agent or servant of Contractor or its subcontractors are on premises owned, operated or leased by Dow or under the control of Dow, or while Contractor or its subcontractors, or any employee, agent or servant of Contractor or its subcontractors are performing under this agreement, and Contractor agrees to defend any suit, action or cause of action brought against Dow, its agents, servants or employees, based on any such alleged injury, and to pay all damages, costs and expenses, including attorney's fees, in connection therewith or resulting therefrom." 343 So.2d 1002 (Underlining by the Court)
The factual distinction noted by appellants is that in Polozola the indemnity clause specifically stated that the contractor was to indemnify, "Dow, its agents, servants and employees." The indemnitor in the Polozola case argued that since the phrase "whether caused by Dow's negligence or otherwise" failed to include negligence caused by Dow's agents, servants and employees, that it had agreed only to indemnify Dow, the corporation, against claims made against Dow because of Dow's, the corporation's, negligence, and that it had not agreed to indemnify Dow's agents, servants and employees against claims made against them based on their own negligence. The Supreme Court found, however, that the negligence of the agents, servants and employees was covered by the indemnity agreement.
To resolve this issue in the instant case, we must dissect the indemnity clause into its component parts and determine the common intent of the parties.[1] The first part of the indemnity agreement provides who is indemnified (owner). The second part defines the type of claims (all claims), and the third part defines whose activities activate the first two provisions (even though caused by the negligence of the owner). Since all clauses of a contract should be interpreted the one by the other, giving to each the sense that results from the entire agreement[2], the inevitable question arises, "How can Rubicon, a corporation, in the context of this agreement, be negligent, except under the doctrine of Respondeat Superior for the negligent acts of its agents, servants or employees committed within the scope of their agency or employment?" La.Civil Code art. 2320 (1870). Polozola provides the answer:
"... when there is anything doubtful in agreements, including indemnity agreements, we must endeavor to ascertain what was the common intention of the parties, rather than adhere to the literal sense of the terms. La.Civil Code art. 1950 (1870). By holding that the phrase `whether caused by Dow's negligence or otherwise' excluded Dow employees, the court of appeal rendered an interpretation of the contract that was clearly contrary to the intent of the parties thereto. While we are mindful of the principle that indemnity contracts whereby the indemnitee is indemnified against the consequences of his own negligence must be strictly construed, we are certain that parties herein unequivocally intended that result."
"Construing the clause to exclude Dow's agents, servants and employees therefrom renders it virtually nugatory. Such a construction should be avoided in favor of one that gives the clause effect. La.Civil Code art. 1951 (1870)."
The indemnity agreement is very broad and comprehensive and purports to cover all possible losses regardless of the cause or type of liability as long as the loss arises "out of Contractor's performance of the *1102 work contemplated by this agreement." To provide such broad coverage and then to negate that coverage by holding that it applies only to those very limited and unique instances where the "Owner" alone is solely liable would make the provision incongruous and would clearly ignore the reference to the owner's negligence which can only attach through the negligent acts of the owner's employees. All the language of this provision must be construed together to give the provision effect.[3]
The provision must therefore be read to include coverage for negligent acts caused by Rubicon's agents, officers and employees. We are reinforced in our position by language found in the certificate of insurance filed by Fireman's Fund with Rubicon, Inc. The contract between Rubicon and Barnard & Burk required Barnard & Burk to obtain insurance covering certain risks, among which was contractual liability to cover the indemnity clause. The language on the certificate of insurance reads as follows:
"The Contractual Liability Coverage covers the following indemnification clause: Contractor shall indemnify and hold owner harmless from all claims, suits, actions, losses, and damages for personal injury, including death and property damage, even though caused by the negligence of the owner or his employees, arising out of the contractor's performance of the work contemplated by this agreement." (Emphasis by the Court)
The inclusion of the words "or his employees" in the certificate of insurance bolsters the only reasonable interpretation of the indemnity provision, i.e. that the parties intended to provide protection for Rubicon and its employees as well as to extend coverage for the negligent acts of Rubicon and its employees, and the only interpretation that gives the provision any effect.
For the above reasons, this assignment of error has no merit.

SPECIFICATION OF ERROR NO. 2
Appellants contend that Reliance may not recover indemnity for payments made in settlement to Barnard & Burk employees because Rubicon was the "statutory employer" of the Barnard & Burk employees.[4] Appellants reason that since Rubicon *1103 was the statutory employer of Barnard & Burk employees, Rubicon was immune to tort claims from these employees. This argument is without merit since we hold that the indemnity agreement provides indemnification not only to Rubicon but also to its employees, and the latter (at the time of this accident) clearly were not immune to suit by Barnard & Burk employees, whether considered statutory employees of Rubicon or not.[5]
In addition to the above, it is also interesting to note that in the contract between Rubicon and Barnard & Burk, the parties provided as follows:
"The work covered by this Agreement is not deemed by the parties to be a part or process of Owner's trade or business but is of a character which forms a part of the regular line of Contractor's business and trade. Any statements to the contrary notwithstanding, Contractor shall have the status of an independent contractor and shall not be an agent of Owner."
Although the above agreement between Rubicon and Barnard & Burk would clearly not be binding as to an injured worker, we see no reason why as between Rubicon and Barnard & Burk that this agreement is not legally enforceable.
In view of the above and after an exhaustive examination of the record, we are convinced that Reliance properly indemnified legally supportable claims made by Barnard & Burk employees against Rubicon and its employees and under the indemnity contract Reliance is entitled to indemnification from Barnard & Burk and its insurer, Fireman's Fund.
For the above reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] The indemnity clause states as follows:

"Contractor shall indemnify and hold Owner harmless from all claims, suits, actions, losses and damages for personal injury, including death and property damage, even though caused by the negligence of the Owner, arising out of Contractor's performance of the work contemplated by this Agreement."
[2] La.Civil Code art. 1955 (1870) provides as follows:

"All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act."
[3] See Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1978) wherein the Court stated, at page 1003, the following:

"We need not decide whether that contractual language, without more, evidences an unequivocal intention to indemnify Dow employees against losses caused by their own negligence, for the agreement further provides that National Maintenance will indemnify Dow, its agents, servants and employees against claims based on such injuries whether caused by Dow's negligence or otherwise. We do not ascribe any significance to the omission of the phrase `Dow's agents, servants and employees' from the `negligence' clause of the contract. Clearly Dow, the corporation, cannot (at least in the context of this agreement) itself be negligent, except under the doctrine of respondeat superior for the negligent acts of its agents, servants or employees committed within the scope of their agency or employment. La.Civil Code art. 2320 (1870). Construing the clause to exclude Dow's agents, servants and employees therefrom renders it virtually nugatory. Such a construction should be avoided in favor of one that gives the clause effect. La.Civil Code art. 1951 (1870)."
Cf. also Lee v. Allied Chemical Corporation, 331 So.2d 608 (La.App. 1st Cir.1976) wherein the court stated at page 611:
"...it was the intention of the parties to afford indemnity to the officers, agents and employees of Allied Chemical, a corporation that can be actively negligent only through the acts of these officers, agents and employees."
[4] La.R.S. 23:1061 provides as follows:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
[5] It is important to note that when this accident occurred in 1974, it was common practice to file "executive officer" suits against employees of a company, even though the company was only liable for workmen's compensation benefits."