I,YELVERTON, J.
Defendant-relator, The Goodyear Tire & Rubber Company, sought supervisory writs from a district court judgment which denied its motion for summary judgment as to the third-party demand of Investors-Ryan, a Louisiana Partnership. We called this case up for briefing, oral argument, and a full opinion.
| ¡.Plaintiff, Carl Hesse, received an electrical shock while working within the course and scope of his employment with Goodyear on August 18, 1990. The work was being performed on the premises leased by Goodyear from Investors-Ryan. Investors-Ryan was not the original lessor to Goodyear. However, it was the lessor at the time of the incident giving rise to this litigation.
The Hesses sued Investors-Ryan based on premises liability. Investors-Ryan filed a third-party demand against Goodyear for indemnification based upon the contract of lease which contained a purported indemnification clause. The Hess-es then filed a claim directly against Goodyear based on this same contractual language. Investors-Ryan attempted to obtain summary judgment on its indemnification claim against Goodyear, but the motion was denied by the trial court. Goodyear successfully obtained summary judgment in the trial court as to the Hesses’ claims. This court affirmed that decision in Hesse v. Champ Service Line, 97-1090 (La.App. 3 Cir. 2/4/98); 707 So.2d 1295.
After this decision was handed down, Goodyear filed a motion for summary judgment on the third-party demand which the trial court denied. Goodyear then filed the instant writ application asking us to reverse the denial of its motion for summary judgment. Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of the ruling. Louviere v. Byers, 526 So.2d 1253 (La.App. 3 Cir.), writ denied, 528 So.2d 153 (La.1988). We are reviewing the propriety of the ruling now.
I,.¡PREVIOUS RULING OF THIS COURT
Goodyear’s primary argument is that this court has already ruled that the lease agreement between Goodyear and Investors-Ryan does not contain language that transfers liability from Investors-Ryan to Goodyear. Specifically, Goodyear claims that in order for Investors-Ryan to be entitled to indemnity from Goodyear, the subject indemnity clause would have to *709 contain express language, in unequivocal terms, stating that Goodyear agreed to indemnify Investors-Ryan against losses resulting to it through its own negligence.
In Hesse, 707 So.2d 1295, this court held that workers’ compensation benefits were the Hesses’ exclusive remedy against Goodyear arising out of his injuries on the work premises leased by Goodyear. This was despite the Hesses’ claim that he was suing Goodyear for negligence under the dual capacity doctrine for Goodyear’s responsibility for maintaining the building under the terms of the lease, because the dual capacity doctrine had been statutorily abrogated. The dual capacity language was added to La.R.S. 23:1032 by Acts 1989, No. 454, § 2, and became effective January 1, 1990, before the date of this accident.
After ruling that the Hesses’ exclusive remedy against Goodyear was under the Workers’ Compensation Law, this court then proceeded to discuss Goodyear’s argument that it did not assume liability under the lease. Recognizing that La.R.S. 9:3221 authorized Investors-Ryan to transfer liability for the condition of the premises, this court stated that there was no provision in the lease that provided that Goodyear assumed responsibility for the condition of the leased premises and specifically held that the lease provision at issue “was not sufficient to transfer | pliability to Goodyear.” Hesse, 707 So.2d at 1298. It is this part of the opinion upon which Goodyear relies for its argument that it is entitled to summary judgment dismissing Investors-Ryan’s claims against it.
Investors-Ryan argues that the question of whether or not Goodyear assumed Investors-Ryan’s liability under the terms of the lease agreement was not before this court for decision on that appeal and was not germane to the only issue that was before the court: Goodyear’s statutory immunity. Investors-Ryan argues that it was not involved in the appeal and was denied its request to be heard at oral arguments and that, following the rendition of the appeal, its application for rehearing was denied. It claims that these actions denied it the opportunity for a favorable resolution at trial on the merits.
Basically, by relying on this court’s earlier decision, Goodyear is asserting a “law of the case” argument. “The ‘law of the case’ is a policy by which an appellate court will not, on a subsequent appeal, reconsider its earlier ruling in the same case.” Burns v. Sabine River Authority, 614 So.2d 1337, 1339 (La.App. 3 Cir.), writ denied, 617 So.2d 935 (La.1993). “That policy applies against those who were parties to the case when the prior decision was rendered and who had their day in court.” Id. However, since Investors-Ryan was not a party to the appeal in this court, the law of the case doctrine would not bind it. This is because an appellate court cannot render a judgment against a person who was not a party to the appeal. Sutton v. Montegut, 544 So.2d 1181 (La.App. 5 Cir.1989). Insofar as it concerns Investors-Ryan, the opinion on the transfer of liability to Goodyear in the appeal to this court was simply an advisory opinion. Clearly, Investors-Ryan was not a party to the | .¡summary judgment rendered in favor of Goodyear on the claims of the Hesses. Investors-Ryan’s third-party demand against Goodyear was still at issue. Therefore, we will address the merits of the trial court’s denial of Goodyear’s motion for summary judgment on Investors-Ryan’s third-party demand.
SUMMARY JUDGMENT
Pursuant to La.Code Civ.P. art. 966, a trial court may grant a motion for summary judgment if the pleadings and supporting documents such as depositions, affidavits, and answers to interrogatories, demonstrate that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
If these documents are properly filed, the court must analyze them to determine *710 whether they are sufficient to warrant the motion from either an evidentiary or substantive legal standpoint. Dugas v. Guillory, 97-398 (La.App. 3 Cir. 10/7/98); 719 So.2d 719. “If they are not sufficient on either the evidentiary or legal ground, the motion for summary judgment must be denied.” Id. at 722. “In order to meet the sufficiency threshold, the mover must satisfy the court that no genuine issue of material fact exists.” Id. “Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.” Id.
At the hearing on the motion for summary judgment, the trial court found that the issue of fault was a genuine issue and found that the entirety of the contract, including the indemnity language versus the language about anything not covered by insurance, conflicted. The court further stated that if the clauses did not | Rconflict then they were ambiguous, and any ambiguity had to be construed against Goodyear as the drafter.
The Hesses’ petition alleges that at the time of Carl’s injury, local codes required the installation of ground fault circuit interrupters to protect workers from this type of injury. Neither Investors-Ryan nor Goodyear installed these devices. The Hesses allege that Investors-Ryan is liable to them under both negligence and strict liability theories based on La.Civ.Code arts. 2317 and 2322 for failure to install these devices.
Normally, the owner of the building remains liable for the condition of the building and for any resulting injuries arising therefrom, even when it is leased. La. Civ.Code arts. 660, 2317, 2322, and 2695. However, pursuant to La.R.S. 9:3221 a lessee may contractually assume the owner’s responsibility for the condition of the leased premises, including liability for any injuries resulting from defects in the premises. Quoting from Polozola v. Garlock, Inc., 343 So.2d 1000, 1003 (La.1977), the supreme court, in Home Ins. Co. v. National Tea Co., 588 So.2d 361, 364 (La.1991) (citations omitted), reviewed the rules of interpretation of contracts governing indemnity provisions as set forth in a lease as follows:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms.
Continuing, Polozola holds that the general rules which govern the interpretation of other contracts apply in interpreting indemnity contracts.
| ^‘Interpretation of a contract is the determination of the common intent of the parties.” La.Civ.Code art.2045. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” La. Civ.Code art.2046. “A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective.” La.Civ.Code art.2049. “Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La.Civ.Code art. 2050. “In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.” La.Civ.Code art. 2056.
Whien after applying the general rules governing the construction and interpretation of contracts, “the intent of the parties to indemnify against negligence remains equivocal, a presumption or inference arises that the parties did not intend to hold the indemnitee harmless from such liability.” Home Ins. Co., 588 So.2d at 364. Also see McGoldrick v. Lou Ana *711 Foods, Inc., 94-400 (La.App. 3 Cir. 11/2/94); 649 So.2d 455.
The supreme court then reiterated its holding in Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986), that “a slightly different standard governs when the indemnitee’s liability is based on strict liability rather than negligence.” Home Ins. Co., 588 So.2d at 364. “Soverign held that the Polozola rule of strict construction, discussed above, is inapplicable to an agreement to indemnify against strict liability under LSA-C.C. Article 2317.” Id. “Soverign held that a court is called upon to further construe the agreement in light of everything that by law, |Rcustom, usage or equity is considered incidental to the' contract in question or necessary to carry it into effect.” Id.
It is not disputed that Goodyear supplied the lease form which was originally signed by Ed Taussig, Inc., the original lessor, and Goodyear. There are several lease provisions which are pertinent to the claims asserted in this case. Paragraph (2) states in pertinent part that “Lessor will make all structural building changes or installations required to conform with applicable law. and ordinances.” Paragraph (2) further states that “Except as provided for herein, Lessee shall maintain the premises.” Paragraph (5) comments on the wiring as follows:
Lessor will furnish at the beginning of the term hereof and keep in good repair all necessary equipment for maintaining adequate heat and air conditioning in the premises during such seasons of the year as artificial heat and air conditioning may be required, and represents that the plumbing and wiring in said building are in good condition and repair and that the carrying capacity of the floors is sufficient for the conduct of Lessee’s business.
Then there is Paragraph (11) which is the heart of this motion for summary judgment which provides: “Lessee agrees to indemnify and hold Lessor harmless from any loss, damage or injury to persons or property resulting from Lessee’s use and occupancy of the demised premises except to the extent such losses, damages or injuries are covered by insurance carried by Lessor.”
Even construing this contract of lease as a whole, we cannot say that it expresses clearly in unequivocal terms that Goodyear will indemnify Investors-Ryan for its own negligence. When reviewing the contract as a whole we find no such intention is present. No words such as “negligence” or “liability” are used. |flHowever, there is a question of fact of whether the indemnity provision would be applicable if Investors-Ryan was held strictly liable.
It is obvious that to give effect to Paragraph (11), Goodyear is responsible for indemnifying Investors-Ryan for “loss, damage or injury to persons or property resulting from Lessee’s use and occupancy of the demised premises.” However, since the common intention of the parties as to strict liability is in doubt, it is necessary to interpret the contract further in light of everything that by law, custom, usages, or equity, is considered as incidental to the particular contract or necessary to carry it into effect. Soverign Ins. Co., 488 So.2d 982; Home Ins. Co., 588 So.2d 361; and La.Civ.Code art.2053. In order to meet this burden of proving that Goodyear agreed to indemnify Investors-Ryan under the theory of strict liability, Investors-Ryan must “prove that the lessee assumed responsibility for the condition of the premises under the contract of lease, that the injury must have occurred either to the lessee or anyone on the premises with the permission of the lessee, and that he did not know nor should have known of the defect.” O’Neill v. Thibodeaux, 97-1065 (La.App. 3 Cir. 3/6/98); 709 So.2d 962, 974, writs denied, 98-0741, 98-0870 (La.5/1/98); 718 So.2d 416, 420. Although Goodyear is not required to indemnify Investors-Ryan for its own acts of negligence, there are genuine issues of material fact as to whether the lease terms require Goodyear *712 to indemnify Investors-Ryan should it be held strictly liable.
The trial court was correct in denying Goodyear’s motion for summary judgment. Costs will be paid by the applicant.
WRIT DENIED.