ROLAND L. BELSOME, Judge.
|, This appeal is taken from the trial court’s granting of a motion for summary judgment in favor of Universal Maritime Service Corporation (UMS), and dismissing the third party claims of the Board of Commissioners for the Port of New Orleans (Board). For the following reasons, we affirm.
The Board owns the Nashville Avenue terminal and leases it to Ceres Gulf, Inc. (Ceres). UMS is allowed access to the terminal pursuant to a license agreement with Ceres. This lawsuit arises from an accident which occurred at the Nashville Avenue terminal. Louis Charles alleges that he was injured during a vehicular accident while working for UMS, and operating a vehicle owned by Ceres. The vehicle he was operating was struck by a vehicle operated by Jason Gervais. At the time of the accident, Mr. Gervais was acting in the course and scope of his employment with the Board.
Mr. Charles filed suit naming Mr. Ger-vais, the Board, and their insurer as defendants. Later, the Board filed several third-party demands against various parties. This appeal relates to the Board’s claims against UMS for defense, | indemnity and insurance coverage pursuant to a clause in the license agreement between UMS and Ceres. UMS sought and was granted summary judgment on the claims asserted by the Board and this appeal followed.
On appeal, the Board argues that the trial court erred in granting summary judgment and by failing to find that the Ceres/UMS license agreement created a stipulation pour autrui requiring UMS to defend and indemnify the Board.
Louisiana law is clear, third parties can benefit from contracts for which they were not privy. See, La. C.C. art. 1978, et seq. This is considered a stipulation pour autrui. However, there is no presumption in favor of a stipulation pour autrui. Smith v. State Farm Ins. Companies, 2003-1580, pp. 4-5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 912-13. The intent of the party to create the stipulation in favor of a third party must be manifestly clear. Id. Further, establishing the existence of a stipulation pour autrui rests with the party demanding performance. See, La. C.C. art. 1831.
In Joseph v. Hasp. Serv. Dist. No. 2 of Parish of St. Mary, 05-2364, pp. 8-9 (La.10/15/06), 939 So.2d 1206, 1212, the Supreme Court concisely set forth the requirements of a valid stipulation pour au-trui: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. Joseph also stated that “[e]ach contract must be evaluated on its own terms and conditions in order to de *795 termine if the contract stipulates a benefit for a third person.” Id.
|sThe Board contends that it is owed a defense and indemnification due to the stipulation pour autrui created by the following language within the license agreement:
UMS shall at all times relieve, indemnify, protect, defend and hold harmless Ceres and the Board ... from and against any and all claims ... caused, directly or indirectly, by (a) the use and operations of the Equipment by UMS, (b) the use or occupation of the Terminal by UMS, (c) the conduct of stevedore operations by UMS on or about the Terminal, (d) any act, omission or negligence of UMS or any UMS Related Person and/or (e) any failure by UMS or any UMS Related Person to comply with any application federal, state, regional, or municipal law, ordinance, rule or regulation, or any operating rules and restrictions ...
We agree with the Board that the language creates a contractual indemnity clause that stipulates a benefit to the Board, or a stipulation pour autrui. The clause clearly meets the criteria. First, the stipulation is clearly in favor of the Board in a contract for the Board is not privy. Secondly, the benefit provided is clear, the Board will be defended, indemnified, and held harmless for actions by UMS that result in damages. Lastly, the benefit is not incidental to the contract, but expressly created within the license agreement to protect the Board from actions by UMS in its performance under the contract.
The Board maintains that the obligation extends to acts of the Board’s own negligence. As the party demanding performance of this obligation, the Board bears the burden of proving the existence of this obligation. See, La. C.C. art. 1831. Here, the language of the agreement is clear and unambiguous and this Court should not seek to interpret that language in a broader manner than was intended. See, La. C.C. art. 2046. Furthermore, the Louisiana Supreme Court in Polozola v. Garlock, 343 So.2d 1000, 1003 (La.1977), specifically addressed this issue. In Polo-zola, the language in the indemnity clause was unequivocal and provided that LNational Union would indemnify Dow whether cause by Dow’s negligence or otherwise. As the Polozola Court stated:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own. negligent act, unless such an intention was expressed in unequivocal terms.
Id., 343 So.2d at 1003 (citations omitted).
In this case, the indemnity clause simply does not provide, in unequivocal terms, indemnity for damages caused by the Board’s own negligence. For this reason, the trial court’s judgment is affirmed.
AFFIRMED.