570 So.2d 474 (1990)
Joseph HARRIS and Shirley Harris
v.
AGRICO CHEMICAL COMPANY, et al.
No. 90-CA-397.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Hoffman, Sutterfield, Ensenat & Bankston, Lawrence J. Centola, Jr., Piper D. Griffin, New Orleans, for Manufacturer's Enterprises, Inc., and Lexington Ins. Co., defendants, third-party defendants, appellants.
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Vance A. Gibbs, Bradley C. Myers, Baton Rouge, for Agrico Chemical Co., defendant, third-party plaintiff, appellee.
Before CHEHARDY, C.J., and GAUDIN and DUFRESNE, JJ., concur.
*475 CHEHARDY, Chief Judge.
Defendant Manufacturer's Enterprises, Inc. (MEI), and its insurer, Lexington Insurance Company (Lexington), appeal a judgment against them in a third-party action filed by third-party plaintiff Agrico Chemical Company (Agrico). The third-party suit involves a question of contractual indemnity arising out of a personal injury claim filed by Joseph Harris and his spouse, Shirley Harris.
On appeal defendants contend the trial court erred in finding MEI and its insurer liable to Agrico for indemnification of plaintiffs' damages. In this regard, defendants first assert Agrico's liability to plaintiffs arises from strict liability and the contract in question does not unequivocally express an intent to provide indemnification for Agrico's strict liability. Secondly, defendants claim the judgment found Agrico solely negligent and that the indemnity provision does not apply to Agrico's sole negligence, as opposed to a joint negligence finding.
In 1984, MEI, an industrial contractor, contracted with Agrico to provide personnel for miscellaneous maintenance work and other certain crafts under Agrico's direction. MEI routinely had 10 to 12 men working at Agrico at any one time during the term of the contract.
On January 13, 1987 Joseph Harris, an employee of Gonzales Machine Works, was sent to Agrico to pick up a piece of heavy equipment. Harris was driving a flatbed truck on which the equipment was to be loaded. The loading was performed by a hydraulic rough terrain crane commonly referred to as a "cherry picker". It was operated by Rodney Dupuy, an employee of MEI, who was working for Agrico pursuant to the labor contract.
During the loading of the equipment, Harris sat in the cab of the flatbed truck. While the machinery was being lifted, the internal gears suddenly broke causing the heavy load to fall. The fall, in turn, caused Harris to sustain injuries to his back and loss of consortium to his wife.
As a result of the accident the Harrises filed suit against Agrico and its insurer, National Union Fire Insurance Company (National), and MEI and its insurer, Lexington Insurance Company. Plaintiffs also sued BLH Austin-Western Construction Equipment (Austin-Western, the manufacturer); its unknown insurer; and Rodney Dupuy, the crane operator.
During the course of the proceedings, General Insurance Company of America (GICA), the worker's compensation carrier for Gonzales Machine Works (Joseph Harris' employer), intervened to recover worker's compensation benefits paid to Harris. In addition, Agrico filed a third-party suit against MEI for indemnity pursuant to the labor contract.
The matter was tried on December 21 and 22, 1988. Austin-Western and its insurer did not participate, never having been served with the lawsuit.
On February 3, 1990, judgment was rendered in favor of plaintiffs and against Agrico and its insurer in the amount of $282,013. Judgment was additionally rendered in favor of the intervenor GICA and in favor of Agrico on its third-party demand against MEI for indemnification. MEI and Rodney Dupuy were dismissed from the initial action on the basis plaintiffs failed to prove negligence on the part of MEI and Dupuy. MEI and Lexington subsequently appealed the judgment on the third-party action.
Defendants first argue they were improperly cast in judgment on the indemnity contract because the trial judge based his decision partly on a finding of strict liability even though he expressly held strict liability does not apply to the contract. Defendants point to a statement made by the trial judge wherein he rejected Agrico's defense of third-party fault of the manufacturer and stated third-party fault does not exonerate a strictly liable party if the third-party's fault is not the sole cause of the damage. At the very least, defendants argue, the findings are inconsistentat best the reference to Agrico's strict liability is correctand consequently the indemnity agreement does not apply.
*476 Plaintiff Agrico in response, attempts to restrict the Harrises' basis of recovery to negligence asserting they did not plead nor produce evidence to prove strict liability against Agrico. Alternatively, it contends the contract provided for indemnification for any type of claim.
The pertinent contract language states MEI agrees:
"to protect, indemnify and save Agrico harmless from and against all claims, demands, and causes of action, suits or other litigation ... of every kind and character, on account of personal injuries or death or damage to property, whether arising out of negligence on the part of Agrico or otherwise, in any way occurring, incident to, or arising out of the work performed by Contractor hereunder, and particularly, but not by way of limitation, against any loss or damage whatsoever caused by fire, explosions, or accidents of any kind during the performance of and until the completion of said work and the acceptance thereof by Agrico...."
After reviewing the contract, the trial judge determined this provision did not express a clear intent to include strict liability. He instead found it provided for negligence actions including the sole negligence of Agrico. A review of his entire reasons for judgment which were detailed extensively in 34 typewritten pages, shows he found Agrico's liability to be founded in negligence, not in LSA-C.C. art. 2317.
The facts of the case revealed Agrico owned the cherry picker for many years that the machine was 20 years old at the time of the accident. It further showed the accident occurred when the internal gears broke due to the lack of oil in the gears, causing wearing and rusting of the internal components. It was evidenced that no one at Agrico had ever attempted to inspect or find out how to inspect the gear box for the oil levels, and no one was regularly responsible for the cherry picker's maintenance. Furthermore, testimony revealed a very simple method existed by which the gear box could be viewed to check the oil level, the lack of which resulted in the gears' failure.
The trial judge determined Agrico's negligence in failing to properly maintain a potentially dangerous piece of equipment was the sole and proximate cause of the injury to plaintiffs. We agree, but also find strict liability also applies as alleged by MEI. In this case, the thing (cherry picker) was in the custody and control of Agrico, it contained a defect (the worn gears) which created an unreasonable risk of harm, and the Harrises' injuries were caused by the defect. See LSA-C.C. art. 2317; Loescher v. Parr, 324 So.2d 441 (La. 1975); Tracy v. Jefferson Parish, 523 So.2d 266 (La.App. 5 Cir.1988).
In regard to whether the indemnity provision applies to strict liability, in Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986), the Louisiana Supreme Court stated that, unlike negligence cases, a contract of indemnity will not be presumed to exclude strict liability when it is not specifically mentioned. The court said in making a determination as to whether indemnity covers strict liability the courts should review the contract as a whole, as well as the general provisions for indemnity, to determine the parties' intent. Like the Soverign court, our review indicates an intent to include strict liability and any other claims of "every kind and character." Thus, we disagree with defendants on this point, and find it does not provide a basis to reverse the trial court judgment.
Defendants argue, secondly, that the contract does not provide for indemnity when Agrico's liability is based on its sole negligence. In this respect, they contend the language of the agreement must unequivocally express an intent to indemnify Agrico against its sole negligence (as opposed to joint negligence) in order to be legally enforceable, citing Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977). Defendants contend the provision herein fails to meet this test and should not be given effect.
Plaintiffs agree the Polozola case applies, but assert the facts herein satisfy the Polozola holding. They point out the trial *477 judge compared the language in the Polozola contract with this one, found them similar, and determined likewise that the indemnitee's sole negligence was contemplated by the contract.
Polozola holds that a contract of indemnity must be strictly construed where the indemnitee is indemnified against the consequences of his own negligence. The court further stated that such a contract will not be enforced unless that intention is unequivocally expressed in the document. See also LSA-C.C. art. 2045.
In this case the contract states, as we noted earlier, that indemnification is provided for "all claims, demands, and causes of action ... of every kind and character." We find this language to be unambiguous and not subject to an interpretation of the parties' intent. See LSA-C.C. art. 2046. We further find the language unequivocally expresses the intent to provide indemnification for all acts of negligence, including, but not limited to, Agrico's sole negligence. Consequently, we conclude the trial judge did not err in awarding Agrico indemnity from defendants for plaintiffs' damages.
Accordingly, the judgment of the trial court is hereby affirmed.
Appellate court costs are to be paid by defendants.
AFFIRMED.