jjGAUDIN, Judge.
This is an appeal by Louisiana Power and Light Company from the granting of a motion for summary judgment in favor of Louisiana Gas Service Company. The judgment summarily dismissed LP & L’s claim for indemnity related to injuries sustained by pipeline workers Michael Miller and Donald Miller on June 22, 1983. The Millers were awarded damages to be paid by LP & L. See Miller v. Louisiana Gas Service Co., 601 So.2d 700 (La.App. 5 Cir.1992), petitions for writs denied by the Supreme Court of Louisiana at 604 So.2d 999 and 1001 (La.1992). LP & L’s claim for indemnity was severed from this trial.
LP & L’s indemnity claim is based on wording in an act of sale by LP & L to Louisiana Gas dated September 30, 1958 wherein LP & L sold to Louisiana Gas the property on which the Millers were injured. This clause, which LP & L contends is decisive, is contained in the contract:
“La. Gas shall indemnify, save and hold harmless La. Power against and from any and all liability, claims, demands, damages, actions, causes of action, costs and expenses arising out of the operation of the said Gas System and Water System subsequent to the close of business on the date hereof even if caused by or resulting from acts or omissions of officers, employees or agents of La. Power.”
|2The trial judge found that this wording “... does not, as required by Louisiana law, clearly and unambiguously evidence an intent to indemnify Louisiana Power & Light Company against the consequences of its own negligence under the circumstances of this case.”
We do not, at this stage of the proceeding, agree or disagree with the trial judge. We do, however, recognize the indemnity issue as one precluding summary judgment.
The motion for summary judgment was tried on briefs only. The first trial focused on alleged negligence of various parties and was not concerned with possible indemnity. No additional testimony was offered when the motion for summary judgment was heard and there are no supplemental affidavits or depositions on the circumstances surrounding the 1958 contract. Our examination of the first trial’s record did not produce any testimony, office memorandum, correspondence or company record shedding any fight on the intention or understanding of either party at the time the act of sale was negotiated and signed.
While the 1958 contract had a clause to indemnify LP & L for certain claims, the contract had another clause wherein LP & L agreed to indemnify and hold harmless Louisiana Gas against claims arising out of the operation of the gas and water systems prior to September 30,1958 “... even if caused by or resulting from acts or omissions of officers, employees or agents of La. Gas.”
Interpretation of a contract is the determination of the common intent of the parties. See LSA-C.C. art. 2045. Here, LP & L contends that the agreement is clear and unambiguous requiring indemnity for any and all liability, including tort claims for bodily injury. Louisiana Gas, on the other hand, argues that the contract’s language did not clearly and unequivocally provide for indemnity for tort damages caused solely by LP & L’s negligence.
*460 [«¡Additionally, both LP & L and Louisiana Gas maintain that the indemnity clauses cannot be evaluated in a vacuum because the clauses are related to other portions of the agreement. Exactly which other segments of the contract are pertinent is in obvious dispute.
In Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977), the Supreme Court of Louisiana, in a unanimous decree, stated that “... where there is anything doubtful in agreements, including indemnity agreements, we must endeavor to ascertain what was the common intent of the parties, rather than adhere to the literal sense of the terms.”
This Court, in Harris v. Agrico Chemical Co., 570 So.2d 474 (La.App. 5 Cir.1990), enforced an indemnity clause but the wording was more encompassing than that in the LP & L — Louisiana Gas contract. The Harris agreement provided indemnification for all claims, demands and causes of action of every kind and character. This language expressed an intent to provide indemnification for all acts of negligence, including acts of negligence by indemnitee, and was not subject to an interpretation of the parties’ intent.
Determining intent here will no doubt be difficult because of the time element. It seems, however, that Polozola mandates that an attempt be made in district court. As it now stands, the record is silent with regard to this issue.
When the trial judge granted Louisiana Gas’ motion for summary judgment, he at the same time denied a motion for summary judgment filed by LP & L. The denial of LP & L’s motion is interlocutory and not now before this Court on appeal.
For these reasons, we set aside the granting of Louisiana Gas’ motion for summary judgment and we remand to the district court for further proceedings.
REVERSED AND REMANDED