774 So.2d 359 (2000)
Therian LaFLEUR, et al.
v.
HOLLIER FLOOR COVERING, INC., et al.
No. 00 00969.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Scott R. Bickford, John R. Martzell, James Philip Meyer, Richard Anthony Filce, Martzell & Bickford, New Orleans, LA, Counsel for Therian LaFleur, Marlaine LaFleur, Jennifer LaFleur, Lauren LaFleur.
Charles Archibald Boggs, Boggs, Loehn & Rodrigue, New Orleans, LA, Counsel for American Central Insurance Co.
Joseph Warren Gardner, Jr., Kenan Slade Rand, Jr., Joseph Michael Guillot, Christovich & Kearney, New Orleans, LA, Counsel for Congoleum, Inc.
Patrick J. Hanna, Rabalais, Hanna & Hays, Lafayette, LA, Counsel for Hollier Floor Covering, Inc.
(Court composed of Judge ULYSSES GENE THIBODEAUX, Judge OSWALD A. DECUIR, and Judge JIMMIE C. PETERS.)
DECUIR, Judge.
Hollier Floor Covering, Inc. appeals summary judgment granted in favor of its *360 liability carrier, American Central Insurance Company, denying coverage for certain claims asserted in the plaintiffs' petition. We affirm.
The allegations contained in the petition aver that the plaintiffs sustained damages when Hollier Floor Covering removed vinyl flooring from their home. The vinyl flooring is alleged to contain asbestos which, upon removal, contaminated the plaintiffs' home and caused them to incur both financial loss and physical injuries. Both Hollier Floor Covering and American Central were named as defendants; Hollier filed a cross claim against American Central for a defense and indemnity. American Central has denied coverage on the basis that all claims arising out of asbestos exposure are specifically excluded from coverage.
The American Central policy contains the following language which is referred to as an absolute asbestos exclusion:
This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of or caused by:
1. Asbestos, asbestos fibers or products containing asbestos or to any obligation of the insured to indemnify or contribute with another because of damages arising out of such injury or damage; or
2. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection therewith.
It is further agreed that we shall have no duty or obligation to provide or pay for the investigation or defense of any loss, cost, expense, claim or suit excluded herein.
In this appeal, Hollier does not dispute the validity of the exclusion but argues that the plaintiffs' allegations encompass acts that are beyond the scope of the exclusion. Specifically, the plaintiffs' contentions include the failure to test and properly remove the asbestos-containing sheet vinyl and noncompliance with state and federal regulations concerning the removal of asbestos-containing sheet vinyl. Hollier urges this court to conclude that these acts and omissions are outside the confines of the asbestos exclusion. The remaining allegations of negligence, which include the failure to warn, provide protection, and utilize containment precautions, are implicitly acknowledged to be excluded from American Central coverage.
We find no merit to the arguments presented by Hollier. The petition alleges negligence in the handling of material containing asbestos fibers and damages resulting from the mishandling of that material. The characterization of several different acts of negligence is of no consequence because each act relates to the asbestos exposure and nothing else.
In Ducote v. Koch Pipeline Co., 98-0942 (La.1/20/99); 730 So.2d 432, the supreme court upheld a pollution exclusion very similar to the asbestos exclusion at issue herein. Quoting Ledbetter v. Concord Gen. Corp., 95-0809, p. 3 (La.1/6/96); 665 So.2d 1166, 1169, and the general rules of contract interpretation set forth in the Louisiana Civil Code, the Ducote court discussed the rule that the contracting parties' intent, "as reflected by the words of the policy, determines the extent of coverage." 730 So.2d 432, 435. It reasoned that an insurer is entitled to limit its liability and impose reasonable conditions on the obligations it contractually assumes. The court reached the conclusion that coverage for damages resulting from a one-time, accidental release of a pollutant was excluded under the pollution exclusion in the policy at issue:
Guided by the language of the pollution exclusion clause and the basic principles as set forth in the Louisiana Civil Code, we conclude that coverage for damage resulting from the release of anhydrous ammonia is excluded under the commercial general liability policy. [Footnote omitted.] Our decision regarding the reasonable scope of a pollution *361 exclusion, in the absence of ambiguity, must be tied to the language of the policy. The clear terms of the pollution exclusion at issue explicitly preclude coverage of liability arising from "the discharge, dispersal, seepage, migration, release and escape" of "pollutants," defined as "any ... gaseous ... irritant or contaminant, including ... vapor, ... fumes, ... [and] chemicals." As a court, we cannot place limitations upon the plain language of a policy exclusion simply because we may think it should have been written that way. Neither can we construe insurance policies based upon a determination as to whether the insured's subjective expectations are reasonable, as such guesswork can only lead to uncertainty and unnecessary litigation. Applying the policies' language to the context of the claim does not produce an uncertain or ambiguous result, but leads to one reasonable conclusion: the alleged damage was caused by the release of anhydrous ammonia, a substance which is clearly a "pollutant" for which coverage is precluded under the policies' language.
730 So.2d 432, 436.
In the instant case, the trial court determined via summary judgment that the asbestos exclusion in the American Central policy was applicable and barred coverage in favor of Hollier for the plaintiffs' claims. The court also found no duty to defend Hollier, again as a result of the language of the contract at issue. The jurisprudence permits summary judgment in matters involving contractual interpretation: "When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate. Brown v. Drillers, Inc., 93-1019 (La.1/14/94); 630 So.2d 741." Ducote, 730 So.2d 432, 437. After reviewing the insurance contract between Hollier and American Central, we agree with the trial court's conclusions and affirm the summary judgment granted in favor of American Central Insurance Company.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Hollier Floor Covering.
AFFIRMED.