STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-328

KELLY MARSHALL

VERSUS

SOUTHWEST LOUISIANA ELECTRIC
MEMBERSHIP CORP., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2002-4727
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

Thomas L. Gaudry, Jr.
Michael D. Peytavin
John E. Maher, Jr.
Gaudry, Ranson, Higgins & Gremillion, L.L.C.
401 Whitney Avenue, Suite 500
Gretna, LA 70056
(504) 362-2466
Counsel for Defendant/Appellee:
    Valiant Insurance Company

Walter Kay Jamison III
Daigle, Scofield & Rivera
P. O. Box 3667
Lafayette, LA 70502-3667
(337) 234-7000
Counsel for Defendant/Appellee:
    Cable Man, Inc.

**William E. Scott III**
**Thomas H. Wartelle**
**Watson, Blanche, Wilson & Posner**
**P. O. Drawer 2995**
**Baton Rouge, LA 70821-2995**
**(225) 387-5511**
**Counsel for Defendant/Appellee:**
       **Bituminous Casualty Corporation**

**Paul A. Tabary III**
**Randy S. Nunez**
**Dysart & Tabary, LLP**
**Three Courthouse Square**
**Chalmette, LA 70043**
**(504) 271-8011**
**Counsel for Plaintiff/Appellee:**
       **Kelly Marshall**

**Matthew J. Ungarino**
**David I. Bordelon**
**Ungarino & Eckert, L.L.C.**
**1280 Lakeway Two**
**3850 N. Causeway Boulevard**
**Metairie, LA 70002**
**(504) 836-7531**
**Counsel for Defendants/Appellants:**
       **Southwest Louisiana Electric Membership Corp.**
       **Cox Communications, La., LLC**
       **Telecable Associates, Inc.**
       **St. Paul Fire & Marine Ins. Co.**

**Musa Rahman**
**Attorney at Law**
**P. O. Box 98001**
**Baton Rouge, LA 70898**
**(225) 231-0756**
**Counsel for Intervenor/Appellee:**
       **Louisiana Workers' Comp. Corp.**

**Charles M. Jarrell**
**Guglielmo, Lopez & Tuttle, Hunter & Jarrell**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**Counsel for Defendant/Appellee:**
       **System Services Broadband, Inc.**

**DECUIR, Judge.**

At issue in this appeal is a third party demand for defense and indemnity asserted by Telecable Associates, Inc. and Cox Communications, Inc. (hereinafter referred to as "TCA/Cox") against System Services Broadband, Inc. and its insurer, Bituminous Insurance Company, and Cableman, Inc. and its insurer, Valiant Insurance Company. Summary judgment was granted in favor of System Services and denied as to TCA/Cox, and the claims of TCA/Cox as to all parties were dismissed. TCA/Cox has appealed. For the following reasons, we affirm.

Kelly Marshall, the plaintiff in the main demand and an employee of Cableman, filed suit against Southwest Louisiana Electric Membership Corporation ("SLEMCO") and its insurer for personal injuries resulting from an accident which occurred on September 11, 2001. Marshall's petition alleges he was injured when a SLEMCO utility pole on which he was working fell to the ground, causing him injuries and damages. The sole cause of the accident, the petition asserts, was the negligence of SLEMCO.

In its answer, SLEMCO denied liability and alleged the sole cause of the accident was the plaintiff's negligence. SLEMCO also filed a third party demand against TCA/Cox seeking contractual indemnity pursuant to a joint use agreement between SLEMCO and TCA, the predecessor corporation to Cox. TCA/Cox accepted its obligations to SLEMCO under the indemnity provision of the joint use agreement. However, TCA/Cox then filed a third party demand against System Services, Cableman, and their insurers seeking indemnity pursuant to the terms of a construction contract between TCA/Cox and System Services. The claim was strictly one for contractual indemnity; no allegation of negligence on the part of System Services or Cableman was asserted. In response, System Services specifically denied

that it had agreed to defend and indemnify TCA/Cox for claims arising out of TCA/Cox's contractual obligation to indemnify another party, i.e., SLEMCO.

At a hearing on the parties' cross motions for summary judgment, the trial court heard arguments on the meaning of the contractual provisions at issue. The court determined that while the contract between TCA/Cox and System Services does provide for a defense and indemnity in certain circumstances, the indemnity language does not encompass contractual indemnity obligations owed by TCA/Cox to third parties such as SLEMCO.

Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Review of the indemnity provisions of the contract between TCA/Cox and System Services is essential to a resolution of the claims raised herein:

5. INDEMNITY:

(a) Contractor assumes full responsibility for and agrees to indemnify and hold harmless TCA and TCA's officers, agents, representatives, and employees from and against the following:

(i) all claims or causes of action for damages of any type (including, but not limited to, actual damages, exemplary or punitive damages, fines, penalties, damages claimed under the Deceptive Trade Practices Act, losses, costs, and expenses, including attorneys' fees and expenses incurred in prosecuting any action out of the performance of the work herein) for bodily injury, illness, death, property damage, economic injury, loss of use, or breach of contract that arise in whole or in part from the conduct or negligence of the Contractor or any of Contractor's

2

employees, agents, representatives, subcontractors, or subcontractors' employees;

(ii) all claims or causes of action based in whole or in part on the alleged negligence, assumption of control, breach of duty, strict liability, breach of warranty, or any other theory of liability against TCA or TCA's officers, agents, representatives, or employees whether such claims or causes of action are asserted by Contractor, any of Contractor's officers, agents, representatives, employees, subcontractors, subcontractors' employees, or any other persons (including bystanders and other third parties) who have become involved in any way in the supervision, operations, or activities performed in association with the completion of this Contract or who claim damage, injury, or harm because of such supervision, operations, or activities;

(iii) all claims and causes of action brought by any person affected by the activities performed pursuant to this Contract (including, but not limited to, bystanders, TCA's officers, agents, representatives, or employees; Contractor or its officers, agents, representatives, or employees; Contractor's subcontractors or the subcontractors' officers, agents, representatives, or employees) claiming that TCA or its officers, agents, representatives, or employees in any way failed, refused, or neglected to perform any duty expressly assumed by Contractor in this Contract.

The general rules of contract interpretation apply to indemnity agreements. *Soverign Ins. Co. v. Texas Pipe Line Co.*, 488 So.2d 982 (La.1986). The interpretation of a contract is the determination of the common intent of the parties. La.Civ.Code art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation should be made in search of the intent of the parties. La.Civ.Code art. 2046; *Berry v. Orleans Parish School Bd.* 01-3283 (La. 6/21/02), 830 So.2d 283; *Richard v. Borden, Inc.*, 597 So.2d 60 (La.App. 1 Cir. 1992).

In cases involving similar claims for indemnity for one contracting party's contractual indemnification obligations to a third party, the jurisprudence consistently holds that such a claim is viable only when the applicable contractual language is

clear and express and the alleged indemnitor has notice of the obligation and gives his express consent thereto. The *Richard* court stated as follows:

> Nothing in the indemnity agreement supports the claim that the parties intended for Pala to indemnify Borden for the consequences of the negligent acts of IC or any other unnamed third party that Borden had agreed to indemnify or may agree to indemnify in the future, without the knowledge or consent of Pala. Such an interpretation of the indemnity clause would lead to absurd consequences. Certainly IC's negligence contributed to the injury to Mr. Richard, but IC's claim against Borden for indemnification is based on the sidetrack agreement between Borden and IC, not the injury to Mr. Richard.

597 So.2d at 64. Other cases reaching similar results include *McKinney v. South Cent. Bell Tel. Co.*, 590 So.2d 1220 (La.App. 1 Cir. 1991), *writ denied*, 592 So.2d 1302 (La.1992); *Foreman v. Exxon Corp.*, 770 F.2d 490 (5th Cir. 1985); *Corbitt v. Diamond M Drilling Co.*, 654 F.2d 329 (5th Cir. 1981).

The contractual language presented in the case before us does not include any specific provision pertaining to TCA/Cox's contractual indemnification obligation to any other entity not a party to the contract. No mention is made of SLEMCO's right to indemnity from TCA/Cox. The contract contains no expression of intent on the part of System Services to assume TCA/Cox's contractual liabilities to another entity. Certainly, there is no notice to System Services that by signing the contract it was thereby assuming contractual indemnity obligations of TCA/Cox to unnamed parties.

In granting System Services motion for summary judgment, the trial court acknowledged the apparent validity of the indemnity provisions set forth in the TCA/Cox contract with System Services. However, the court explained that the obligation arises when a claim is made against TCA/Cox, not when TCA/Cox is asked to fulfill contractual commitments to another entity. We agree with this rationale. Nothing in the contract at issue reveals that System Services expressly

4

contemplated indemnification for TCA/Cox's contractual obligations to SLEMCO. Accordingly, we find summary judgment in favor of System Services was appropriately granted herein.

For the foregoing reasons, the judgment of the trial court is affirmed. The third party demand against System Services was properly dismissed. Likewise, those claims asserted against Cableman, Bituminous, and Valiant which were not rendered moot were properly dismissed. Costs of this appeal are assessed to TCA/Cox.

**AFFIRMED.**