Judge Edwin A. Lombard
hThe Appellant, Orleans Parish School Board (“OPSB”), seeks review of the district court’s July 8, 2016 judgment granting 'a partial summary judgment in favor of the Appellee, Woodrow Wilson Construction Company, Inc. (“WWCC).[1] Finding that, as a matter of'law, WWCC is not entitled to summary'judgment, we reverse the judgment of the district court and remand for further proceedings.
*224 Facts
The instant appeal involves a dispute over the application of an indemnity provision contained within a public contract between the OPSB and WWCC obligating WWCC to defend, indemnify and hold OPSB harmless from the Johnsons’ claims.
The instant appeal arises from personal injuries sustained by Leonard Johnson, Sr., while he was on or near a construction sité at New Edward Hynes Elementary School in Orleans Parish. A tire blew out on a dump truck at the construction site and the force of the blowout expelled debris,. which struck and injured Mr. Jbhn-son. Resultantly, Mr. Johnson and his wife, Merline Johnson |a(“the Johnsons”) filed suit against the OPSB, WWCC, as well as other defendants who were involved in the construction project.
WWCC, the general contractor for the project, was awarded a public contract by OPSB. The public contract contained an indemnity provision requiring WWCC to defend, indemnify, and hold the OPSB harmless for injury claims made by third parties. Pursuant to that provision, the OPSB demanded that WWCC defend, indemnify and hold OPSB harmless from the claims of the Johnsons, but to no avail. The OPSB later filed a cross-claim against WWCC, which answered the demand and asserted affirmative defenses, namely that the OPSB’s claims were barred by La. Rev. Stat. 38:2216(G)(1).
Later, the OPSB moved for summary judgment seeking dismissal of the causes of actions asserted against it by the John-sons. The district court denied the motion. However, this Court granted the OPSB’s supervisory writ application, reversed the district court’s judgment and granted,the OPSB’s motion for summary judgment. Leonard Johnson, Sr., et al., v. Hamp’s Construction, unpub., 16-C-0128 (La. App. 4 Cir. 05/18/16).
Thereafter, WWCC filed a motion for partial summary judgment seeking dismissal of the contractual indemnity claims of the OPSB under La. Rev. Stat. 38:2216(G)(1). After the hearing, the district court granted the motion and dismissed the OPSB’s cross-claim against WWCC. The judgment was designated as a partial final judgment by the district court. OPSB filed a Motion for New Trial, which the district court denied. The John-sons’ remaining claims against all other defendants were settled prior to trial.
The instant timely appeal followed. The OPSB’s sole assignment of error on appeal is that the district court committed a legal error in its application of La. Rev. |3Stat. 38:2216(G)(1) prohibiting the OPSB from asserting a claim for contractual indemnity for recovery of its defense costs and attorneys’ fees since OPSB was found free of fault in this matter.
Standard of Review
“A motion for summary judgment is designed to secure the just, speedy, and inexpensive determination of an action.” La. Code Civ. Proc. art. 966(A)(2). “After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. Code Civ. Proc. art. 966(A)(3). “In general, summary judgment is appropriate as a matter of law when all the relevant facts are marshaled before the court, the facts are undisputed, and the only issue is the ultimate conclusion to be drawn from the applicable law.” Hon. Max Tobias, Jr., John M. Landis, and Gerald E. Meunier, Louisiana Practice Series, “Louisiana Civil Pretrial Procedure,” § 14:31 (2016-2017 ed.) (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. *225 7/5/94), 639 So.2d 730). The applicable law is determined by the issues raised in a case and can even involve an issue of first impression. Id. [citations omitted].
Although the burden of proof rests with the mover, if the mover does not bear the burden of proof at trial on the issue before the court, the mover need only point out an absence of factual support for one or more elements of the adverse party’s claim, action, or defense. La. Code Civ. Proc. art. 966 (D)(1). The burden then shifts to the adverse party “to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.” La. Code Civ. Proc. art. 966 (D)(1). If the adverse party fails to establish that a genuine issue of material fact exists, the mover is entitled to summary judgment as a matter of law. Id. Appellate courts review summary judgments de novo using the same standard that the district court applies: determining whether a genuine issue of material fact exists. Encalade v. A.H.G. Sols., LLC, 16-0357, p. 9 (La. App. 4 Cir. 11/16/16), 204 So.3d 661, 666 [citations omitted].
Lastly, summary judgment in matters involving the interpretation of a contract is appropriate when the document can be construed from the four corners of the instrument without needing to consider extrinsic evidence, as the matter is answered as a matter of law. Hon. Max Tobias, Jr., John M. Landis, and Gerald E. Meunier, Louisiana Practice Series, “Louisiana Civil Pretrial Procedure,” § 14:32 (2016-2017 ed.) (citing LaFleur v. Hollier Floor Covering, Inc., 00-0969 (La. App. 3 Cir. 12/6/00) 774 So.2d 359).
Application of La. Rev. Stat. 38:2216(G)(1)
The OPSB argues that the district court erred in finding that La. Rev. Stat. 38:2216(G)(1) prevents a non-negligent public body, such as itself, from pursuing a claim for contractual indemnity against a contractor to recover defense costs and attorneys’ fees. The OPSB maintains that its position is supported by Louisiana’s rules of statutory construction as well as the state’s public policy to support enforcement of contractual indemnity provisions. Lastly, the OPSB contends that analogous Louisiana jurisprudence supports the enforcement of the contractual indemnity provision at issue in its favor.
The OPSB asserts that the statutory language of La. Rev. Stat. 38:2216(G)(1) is clear and unambiguous; thus, it should be applied as written under La. Civ. Code art. 9. The statute prohibits a public body from recovering 15under a contractual indemnity provision when damages sustained by third parties were caused by either its own negligence or that of its employees or agents. The OPSB’s argument is that it is a non-negligent public body in the instant matter; therefore, its indemnification claim is not barred. It maintains that the enforcement of the contractual indemnity and hold harmless provisions should be enforced in its favor in accordance with Louisiana public policy under the Louisiana Public Bid Law, La. Rev. Stat. 38:2212, et seq., of which the statute at issue is a part.[2] It further argues that it is in the interest of the taxpaying citizenry to be unencumbered from paying defense costs against *226 meritless claims asserted against a public body, which has not been found negligent.
The OPSB relies upon three cases in support of its argument that analogous Louisiana jurisprudence supports the enforcement of the contractual indemnity obligations: Domingue v. H & S Construction Company, 546 So.2d 913 (La. App. 3rd Cir. 1989), writ granted, judgment rev’d, 551 So.2d 622 (La. 1989); Suire v. Lafayette City-Parish Consolidated Government, 04-1459 (La. 4/12/05), 907 So.2d 37; and Meloy v. Conoco, Inc., 504 So.2d 833 (La. 1987). The OPSB points out there is no Louisiana jurisprudence interpreting the statute at issue to prevent a non-negligent public body from asserting a contractual indemnity claim for recovery of its defense costs and attorneys’ fees against a contractor.
Domingue involved an interpretation of the . La. Rev. Stat. 38:2216(E), the predecessor of La. Rev. Stat. 38:2216(G)(1), The Third Circuit in Domingue, according to the OPSB, held that La. Rev. Stat. 38:2216 only prohibits a public Rbody from obtaining indemnification for its own negligence, but does not bar all contracts for indemnification in favor of public entities. Domingue, 546 So.2d at 917-18. It argues that the public body in Domingue was entitled to obtain indemnification under the terms of a public contract for claims asserted against it arising from the contractor’s negligence. Id. at 918.
It further avers that in Meloy, the Louisiana Supreme Court reasoned that the Louisiana Oilfield Anti-Indemnity Act did not preclude an indemnitee from recovering its cost of defense after it prevailed on the. merits at trial. Meloy, 504 So.2d at 839. In so holding, the OPSB contends that the Supreme Court reasoned that a plaintiffs pleadings are irrelevant to the indem-nitor’s indemnity obligation. Id.[3]
Lastly, the OPSB asserts that in Suire, supra, the Louisiana Supreme. Court reasoned that La. Rev. Stat, 38:2816(G)(1) does not bar public bodies from asserting claims for contractual indemnity in all circumstances. The Supreme Court interpreted La. Rev. Stat. 38:2816(G)(1) to prohibit a public entity from obtaining indemnity if the public entity is found to be jointly or concurrently negligent with the contractor, but that the clause otherwise remained valid. Suire, 04-1459, pp. 20-22, 907 So.2d at 53. The OPSB further notes that the Suire court concluded that strict and absolute liability claims against the public body were not barred. Id.
WWCC responds that the district court properly granted its motion for partial summary judgment dismissing the OPSB’s cross-claim for indemnity. It argues that the indemnity provision at issue in this matter is against the public 17policy of Louisiana, as set forth in La. Rev. Stat. 38:2216(G)(1); thus, the provision is null and void.
WWCC asserts that the indemnity.pro-visión was properly nullified because: .
• it obligates WWCC" to indemnify OPSB from and' against damages caused by the OPSB’s oWn negligence;
• it is contrary to Louisiana’s public policy and statutorily null and void pursuant to La. Rev. Stat.. 38:2213(G); and
• it was illegal before OPSB was found free from fault.
*227 First, the WWCC contends that the wording of the contractual indemnity provision obligates WWCC to indemnify the OPSB “regardless of whether or not” relevant claims, damages, losses or expenses are “caused in part by a party indemnified hereunder,” ie., the OPSB. Thus, WWCC maintains that because the .contract can be interpreted to require WWCC to indemnify the OPSB for its own negligence, the provision is in direct contravention of La. Rev. Stat. 38:2216(0(1).'
Lastly, WWCC contends that seven-years ago, when the contract was executed, the indemnity provision was already contrary to public policy and was null and void. The indemnity provision, it argues, is an absolute nullity under La. Civ. Code art. 2030.[4] The provision’s nullification is independent of whether .a public body is eventually found at fault. It also maintains that it satisfied its contractual obligation by purchasing an Owners and Contractors Protective 1 ^Liability Insurance Policy, issued by Mid-Continent Casualty Company for the benefit of OPSB. WWCC maintains that Mid-Continent has assumed the defense of the OPSB and paid its attorneys’ fees. Thus, it maintains that the only costs the OPSB would have are as a result of the OPSB’s failure to timely notify Mid-Continent of its involvement in this litigation, which it was obligated to do under the policy.
We find that resolution of this matter hinges upon the interpretation of the indemnity provision of the public contract at issue as well as the application of La. Rev. Stat. 38:2216(G)(1) and Suire, supra.
The indemnity provision of the public works contract executed by.the OPSB and WWCC states:
§ 3.18.1 To the fullest extent permitted by law the Contractor [WWCC] shall indemnify and hold harmless the Owner [the OPSB], Architect, Architect’s consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys’ fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to. or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. [Emphasis added].
“The words of a contract must be given their generally prevailing meaning.” La. Civ.Code art. 2047. Moreover, “[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.” La. Civ.Code art. 2050.
|9The penultimate phrase of the above-referenced indemnity clause provides the requirements that must be -met for indemnification to be triggered. Thus, WWCC must indemnify and hold harmless the OPSB “but only” to the extent that the Johnsons’ claims were “caused by the negligent acts or omissions of the Contractor [WWCC], a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable.” The *228 final phrase of the clause allows the OPSB to recover even if a party to be indemnified thereunder, including the OPSB [the Owner], partially caused the third party’s claim, damage, loss or expense.
The above referenced provision must be interpreted in conjunction with the Louisiana Public Works Act, La. Rev. Stat. 38:2211, et seq. Specifically, we must apply La. Rev. Stat. 38:2216(G)(1), entitled Written contract and bond, which provides:
G. It is hereby declared that any provision contained in a public contract, other than a contract of insurance, providing for a hold harmless or indemnity agreement, or both,
(1) From the contractor to the public body for damages arising out of injuries or property damage to third parties caused by the negligence of the public body, its employees, or agents, ...
⅜ ‡ ‡
is contrary to the public policy of the state, and any and all such provisions in any and all contracts are null and void.
The .language of La. Rev. Stat. 38:2216(G)(1) explains that hold-harmless and/or indemnity provisions contained within public contracts, wherein contractors agree to indemnify a public body for damages arising out of injuries or property hodamages that were caused in whole or part by the public body, its employees or agents, are contrary to public policy and are prohibited.
In the instant matter, WWCC argues, and the OSPB admits, that there is a portion of the above-referenced indemnity provision that could be interpreted to entitle the OPSB to be indemnified for its own negligence. On its face, the indemnity provision does not state that the OPSB can be indemnified for its own negligence. Nevertheless, that portion of the provision stating that the OPSB is entitled to indemnification “regardless of whether" third party claims, damages, losses or expenses are “caused in part by a party indemnified hereunder” is tantamount to allowing the OPSB to be indemnified for its own negligence. See Suire, supra. The Supreme Court in Suire faced a. similar broadly-worded contractual provision between a contractor and a public body that could have obligated the contractor to defend the City of Lafayette against the plaintiffs claims that both parties were jointly or concurrently negligent.
In Suire, a homeowner sued the City of Lafayette (“the City”), Boh Brothers, Construction Co., L.L.C. (“Boh Brothers”), and an engineering firm for property damages arising out of a public works project. The homeowner raised various claims against the defendants, including negligence and strict liability. Suire, 04-1459, pp. 1-3, 907 So.2d at 42-43. The City filed a cross-claim against Boh Brothers for defense and indemnification pursuant to the public contract they had executed. Id., 04-1459, p. 3, 907 So.2d at 43. Pursuant to the contract, Boh Brothers was obligated to indemnify the City and include it as an additional insured under Boh Brothers’ commercial general liability insurance policy. Id., 04-1459, pp. 3-4, 907 So.2d at 43. The indemnity clause required Boh Brothers to In defend and indemnify the City against “claims arising out of the performance of the work under the contract:”
including, but not limited to, any and all claims ... which result from any breach by the contractor of any of the terms ... of the contract, as well as any and all claims resulting from the sole negligence, liability, strict liability and/or fault of the contractor and/or the joint and/or concurrent negligence, liability, strict liability and/or fault of the contractor with any other persons or parties whomsoever.
Id., 04-1459, p. 17, 907 So.2d at 51.
The City also filed a third party demand against Boh Brothers’ insurer seeking de *229 fense and indemnification as an additional insured under Boh Brother’s policy. Id., 04-1459, pp. 3-4, 907 So.2d at 43. The insurance policy stated that coverage to an additional insured “shall be limited to the extent of any legally enforceable defense and indemnification clause in the contract with the additional insured.” Id., 04-1459, pp. 18-19, 907 So.2d at 52 [emphasis added].
Numerous motions for summary judgment were filed in the district court, which ultimately determined that Boh Brothers and its insurer owed a limited duty to defend the City solely against the absolute liability claim, and further held that duty was satisfied. Furthermore, having dismissed the plaintiffs’ absolute liability claim, the district court held that the City’s indemnity claim had' been extinguished. Id., 04-1459, p. 6, 907 So.2d at 45.
On appeal, the Third Circuit affirmed the judgment of the district court finding that Boh Brothers owed a duty to defend the City against the plaintiffs absolute liability claim and remanded the matter for the district court to determine the defense costs for the absolute liability claim. The Court further held that Boh Brothers’ insurer owed a duty to defend the City against the absolute liability claim | iaunder the additional insured provision of the insurance contract. Id., 04-1459, pp. 9-10, 907 So.2d at 46-47.
Reversing the Third Circuit, the Supreme Court held that the City’s indemnification claims against Boh Brothers were premature because a determination of liability had not been made, as required by the contract, and the City had not yet sustained a loss. The Supreme Court explained:
“[a]n indemnitor is not liable under an indemnity agreement until the indemni-tee ‘actually makes payment or sustains loss.’ Thus, [the Louisiana Supreme Court] has held that ‘a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid.”
Id., 04-1459, pp. 17-18, 907 So.2d at 51 (citations omitted).
It ordered that the claim be deferred until the lawsuit was concluded and liability was determined.
Moreover, the Supreme Court addressed the insurer’s argument that the entire indemnity provision of the public contract was rendered null because it included language prohibited by La. Rev. Stat. 38:2216. The Suire court held that the contractual provision was only partially rendered null, and further concluded that the City was entitled to indemnification for defense of the absolute liability claim. Id., 04-1459, pp. 20-22, 907 So.2d at 53-54. The Court explained:
But, this holding does not render entirely null the indemnity clause, in this case, a clause which speaks as well about strict or absolute liability.., We hold that the indemnity clause remains valid, so long as it is not interpreted to require indemnification and defense against the City’s own sole, joint, or concurrent negligence.

Id.

Based on the Supreme Court’s analysis, we find that the indemnity clause at issue is also rendered void to the extent that it can be interpreted to require 1 ^indemnification and defense against the OPSB’s -own negligence. The remaining portion of the indemnity provision, however, is valid. Furthermore, because the OPSB was not determined to be negligent, this is a moot issue.
Furthermore, regarding the WWCC’s assertion that the OPSB is not entitled to indemnification for the cost of its defense against the Johnsons’ negli- *230 genee claims under La. Rev. State. 38:2216 (G)(1), we find no legal support for this argument.
Considering that an indemnification claim is not ripe until the conclusion of the lawsuit, by which point a détermination will have been made as to whether the public body was negligent, it is consistent with Suite that if a public body is not found to be negligent that it is entitled to seek indemnification for defense costs.[5] A plaintiffs’ litigation strategy will most likely include suing the public body that retained the contractor and who may own the premises where an accident occurred and/or where their damages were sustained. Should a contractor be relieved of his or her contractual obligation to indemnify a non-negligent public body because a plaintiff alleges the public body was negligent? We think not. Similarly worded indemnification provisions . would be rendered virtually useless for public bodies that have entered into public works agreements with contractors thereby limiting their recovery of defense costs to the lawsuits where they have not been sued for negligence/ If this were the case, taxpayers ultimately would have to bear this cost. A plaintiffs allegation of negligence should not be the determining factor in applying the contractual provision. It is a finding of negligence that should be dispositive.
Moreover, this rationale was upheld by the Supreme Court, as the OPSB pointed out, and the First Circuit. The First Circuit, in Berninger v. Georgia-Pac. Corp., 582 So.2d 266, (La. App. 1st Cir. 1991), explained that in Meloy, swpra, the Supreme Court held that in indemnity agreements covered by the Louisiana Oilfield Indemnity Act a plaintiffs allegations are not dispositive of whether a party is due indemnification for defense costs:
In Meloy, the problem presented was allegations in a complaint that initiate the duty to defend in an indemnity agreement. The question was, would allegations that initiated the duty result in the indemnitor either having to defend at that point, or being responsible for defense costs even if the outcome was to exonerate the indemnitee from liability? The court held that unlike insurance contracts, allegations do not initiate the duty to defend in indemnity agreements. However, if, in the final judgment, the indemnitee would have been entitled to defense under the indemnity agreement, the defense costs can then be claimed from the indemnitor. Meloy simply states that the ultimate responsibility for defense costs in indemnity agreements is governed by the result rather than the allegations.
Id. at 269 [emphasis added],
Analogously, we find that that the allegation of negligence does not prohibit the OPSB from seeking indemnification for its defense costs under the Louisiana Public Works Act and the indemnity provision at issue. In light of the foregoing analysis, we find that as a matter of law WWCC is not entitled to summary judgment on this issue.
DECREE
For the foregoing reasons, we reverse the July 8, 2016 judgment of the district court and remand for further proceedings.
REVERSED AND REMANDED
DYSART J., CONCURS IN THE RESULT

. The district court subsequently rendered a substantially similar judgment on July 18, 2016, granting WWCC’s. partial motion for summary judgment.

. The OPSB asserts that the Louisiana Public Bid Law governs the manner by which all public contracts are to be awarded and "represents the legislative expression of the specific conditions 'under which the state will permit public work to be done ... on behalf of its political subdivisions.’ ” Dynamic Constructors, LLC v. Plaquemines Parish Government, 15-0271, p. 5 (La. App. 4 Cir. 8/26/15), 173 So.3d 1239, 1243.

. The OPSB avers that the Johnsons alleged in their Petition for Damages and their Amended and Supplemental Petition for Damages that the negligence imputed to WWCC, Hamp’s Construction LLC, and Hamp’s Enterprises, LLC, was also imputed to the OPSB. In their Third Amended Petition, the Johnsons .alleged that, the OPSB should be held liable for negligence imputed to WWCC,

. La. Civ. Code art. 2030, entitled Absolute nullity of contracts, states:
A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.
Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

. As previously noted, in Suire a determination had not been made as to whether the City was negligent. The Supreme Court in Suire did not preclude recovery of defense costs baséd on the allegation of negligence, bút on whether the City was indeed negligent.