# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-510**
**consolidated with 18-599**


**AMALEETA O'NEAL, ET AL.**

**VERSUS**

**FOREMOST INSURANCE COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,445
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

**Michael L. Glass**
**Attorney at Law**
**1733 White Street**
**Alexandria, Louisiana 71301**
**(318) 484-2917**
**Counsel for Plaintiffs/Appellees:**
      **Amaleeta O'Neal**
      **Jeffery O'Neal**

**Daniel G. Brenner**
**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman, Ltd.**
**Post Office Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**Counsel for Defendants/Appellants:**
      **Foremost Insurance Company**
      **RLN Investments, LLC**

**Randall B. Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, Louisiana 71315-2358**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
      **Don Van Cleef**

**Stacy Christopher Auzenne**
**Auzenne Law Firm, L.L.C.**
**Post Office Box 11817**
**Alexandria, Louisiana 71315-1817**
**(318) 880-0087**
**Counsel for Defendant/Appellee:**
      **Messina Realty, LLC**

**Ashley E. Gilbert**
**CNA Coverage Litigation Group**
**One Galleria Boulevard, Suite 1502**
**Metairie, Louisiana 70001**
**(504) 841-5083**
**Counsel For Defendant/Appellee:**
      **Continental Casualty Company**

**KEATY, Judge.**

RLN Investments, LLC, appeals the trial court's grant of summary judgment in favor of Messina Realty, L.L.C., on the issue of defense and indemnity. For the following reasons, the trial court's judgment is reversed, and this matter is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This appeal involves the interpretation of a defense and indemnity clause in a property management agreement. On March 10, 2014, a Petition for Damages was filed by Plaintiffs, Amaleeta O'Neal and Jeffery O'Neal, against Foremost Insurance Company and Ronald Nation. Plaintiffs alleged that Amaleeta sustained injuries on March 31, 2013, when her vehicle collided with a "rotten and defective" tree which had fallen across Nation Road in Deville, Louisiana. Plaintiffs asserted the tree was located at 207 Nation Road, which was owned by Nation and insured by Foremost. Plaintiffs, thereafter, filed an amended petition wherein it dismissed Nation, individually, and added his business, RLN Investments, LLC, as an additional defendant. In its amended petition, Plaintiffs alleged the tree was located on property owned by RLN Investments and requested the matter be transferred from the Pineville City Court to the trial court. Pursuant to the city court's order, Nation was dismissed without prejudice, and the matter was transferred to the trial court.

On May 23, 2016, RLN Investments filed a Third Party Demand against Messina Realty, asserting that Christopher Mayes was renting the property in question on the date of the incident. It also alleged that prior to the incident, RLN Investments and Messina Realty entered into a Property Management Agreement (hereinafter "the contract") whereby Messina Realty agreed to manage the property, which included notifying RLN Investments "of any maintenance issues." RLN Investments argued that Messina Realty breached the contract's terms and should be

liable for any damages that may be assessed against RLN Investments. On July 20, 2016, Messina Realty filed a Motion for Summary Judgment alleging that the contract contained a clause wherein RLN Investments was required to indemnify and hold Messina Realty harmless from liability for injury suffered by an employee, tenant, or guest on or about the property. On April 25, 2017, RLN Investments filed a First Supplemental and Amended Third Party Demand naming Don Van Cleef and Continental Casualty Company as additional third party defendants. Van Cleef was named in his capacity as Messina Realty's employee and property manager for 207 Nation Road. Continental was named in its capacity as Messina Realty's Errors and Omissions insurer.

On June 2, 2017, Van Cleef filed an Answer and Reconventional Demand against RLN Investments, asserting that he was employed by Messina Realty at the time of the incident and entitled to defense and indemnity pursuant to the contract. Van Cleef also asserted a cross-claim against Messina Realty for defense and indemnity based upon vicarious liability arising from a master/servant relationship. On September 21, 2017, RLN Investments filed a Peremptory Exception of No Cause of Action and Peremptory Exception of No Right of Action and Motion to Strike the declaratory judgment filed by Continental. RLN Investments also filed a Second Amended Third Party Demand alleging negligence against Messina Realty and/or Van Cleef. On October 17, 2017, Messina Realty filed an Exception of Prematurity to Van Cleef's cross-claim. On November 3, 2017, a Consent Judgment was executed between RLN Investments and Continental, and the trial court issued an order sustaining the exceptions and motion to strike filed by RLN Investments. Therein, the trial court also struck the request for attorneys' fees asserted in Continental's answer to RLN Investments' third party demand, as supplemented and amended.

2

Van Cleef named RLN Investments and Messina Realty in a Petition for Declaratory Judgment filed on December 8, 2017, reasserting his claims for defense and indemnity. On January 9, 2018, RLN Investments and Foremost filed a Petition for Declaratory Relief against Continental on the issue of coverage of claims. On January 26, 2018, Continental filed an opposition memorandum and Motion to Strike RLN Investments' and Foremost's Petition for Declaratory Relief. On February 1, 2018, RLN Investments filed a Second Amended Third Party Demand.

A hearing was held on February 5, 2018, regarding Van Cleef's Petition for Declaratory Judgment and Messina Realty's Motion for Summary Judgment. The trial court granted both via separate judgments. The judgment granting Messina Realty's summary judgment was signed by the trial court on February 23, 2018. RLN Investments appealed.

On appeal, RLN Investments asserts the following assignments of error:

1.  Whether the Honorable Lower Court erred in granting the Motion for Summary Judgment finding that Messina Realty, LLC, is entitled to defense and indemnity from RLN Investments, LLC, when the record demonstrated that Messina Realty, LLC, and/or its agent, Don Van Cleef, breached the Property Management Agreement between RLN Investments, LLC, and Messina Realty, LLC, thus rendering the indemnity clause therein void.

2.  Whether the Honorable Lower Court erred in granting the Motion for Summary Judgment finding that Messina Realty, LLC, is entitled to defense and indemnity from RLN Investments, LLC, when the record demonstrated that there are genuine issues of material facts concerning the knowledge of Messina Realty, LLC, or its agent, Van Cleef, about the alleged defective condition of the tree in question.

3.  Whether the indemnity clause in the Property Management Agreement encompasses the negligence of Messina Realty, LLC, and/or Don Van Cleef.

3

A summary judgment "is designed to secure the just, speedy, and inexpensive determination of" an action. La.Code Civ.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Although the burden of proof rests with the mover, if the mover does not bear the burden of proof at trial on the issue before the court, the mover needs to only point out an absence of factual support for one or more elements of the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(D)(1). The burden then shifts to the adverse party "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966 (D)(1). If the adverse party fails to establish that a genuine issue of material fact exists, the mover is entitled to summary judgment as a matter of law. *Id.*

Appellate courts review summary judgments de novo using the same standard that the trial court applies, i.e., "whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Miller v. Acadian Ambulance Serv., Inc.*, 17-1096, p. 7 (La.App. 3 Cir. 5/23/18), 248 So.3d 469, 475, *writ denied*, 18-1452 (La. 11/20/18), 256 So.3d 990.

## DISCUSSION

### I. Contractual Breach and Knowledge

In its first assignment of error, RLN Investments contends the trial court erred in granting Messina Realty's Motion for Summary Judgment finding that it is entitled to a defense and indemnity from RLN Investments, as Messina Realty and/or Van Cleef breached the contract's terms and rendered it ineffective. In its second

assignment of error, RLN Investments contends that the trial court erred in granting summary judgment because genuine issues of material fact exists regarding the knowledge of Messina Realty or Van Cleef about the alleged defective condition of the tree. In response, Messina Realty and Van Cleef filed separate appellate briefs asserting that the trial court's judgment should be affirmed.

According to the trial court's oral ruling rendered at the hearing on February 5, 2018:

> The Court's reviewing . . . [the contract], and the Court looks at the terms of this provision and the wording of this provision. It clearly states that he [RLN Investments/Nation] holds them harmless. Now whether or not he intended to hold them harmless from this type of action, whether or not he, uh, they have been negligent is another issue. The issue is what does the terms of this contract say?
>
> . . . .
>
> [B]ut the terms and wording of this contract clearly says that he indemnifies them and hold them harmless. So the Court's going to grant the Motion for Summary Judgment.

On review, we note that "[t]he language in an indemnity agreement dictates the obligations of the parties." *Kinsinger v. Taco Tico, Inc.*, 03-622, p. 3 (La.App. 5 Cir. 11/12/03), 861 So.2d 669, 671. Indemnity agreements are governed by the general rules of contract interpretation. *Marshall v. Sw. La. Elec. Membership Corp.*, 05-328 (La.App. 3 Cir. 11/2/05), 915 So.2d 1026, *writ denied*, 05-2491 (La. 3/24/06), 925 So.2d 1228. The "[i]nterpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. Summary judgment in matters involving the interpretation of a contract is appropriate when the document can be construed from the four corners of the instrument without needing to consider extrinsic evidence, as the matter is answered

5

as a matter of law. *LaFleur v. Hollier Floor Covering, Inc.*, 00-969 (La.App. 3 Cir. 12/6/00), 774 So.2d 359.

The contract at issue in this case, i.e., the Property Management Agreement, was executed on April 26, 2012, between RLN Investments as the "owner" and Messina Realty as the "manager." According to its terms, Messina Realty is obligated to "manage, operate[] control, rent and lease" the property. In paragraph two under the section entitled "Responsibilities of Manager," the manager is required "[t]o make or cause to be made all . . . maintenance, alterations and repairs to said property and to hire and supervise all employees and other labor for the accomplishment of same unless owner chooses to maintain own properties." If the owner chooses to maintain its own property, the "owner will be contacted immediately upon maintenance issues being reported and owner will be expected to respond in a timely manner." The contract also contains the following clause:

**Liability of Manager**

[RLN Investments] hereby agrees to hold [Messina Realty] harmless from any and all claims, charges, debts, demands and lawsuits, including attorney's fees related to his management of the herein-described property, and from any liability for injury on or about the property which may be suffered by any employee, tenant or guest upon the property.

The contract was attached to Messina Realty's Motion for Summary Judgment along with Van Cleef's affidavit. Van Cleef attested that he was acting in his capacity as Messina Realty's agent when he executed the contract with RLN Investments. According to his affidavit, Van Cleef "reported all complaints related to maintenance of the property" made by the property's tenant, Mayes, to Nation. Van Cleef "reported the complaints by the tenant regarding the tree to" Nation. Van Cleef advised that "upon learning of the accident on" March 31, 2013 from Mayes, Van Cleef "immediately notified" Nation. The affidavit indicates that "Nation

insisted on personally performing all maintenance work at the" property "and insisted that he be immediately made aware of any problems . . . of which [Van Cleef] at all times complied with [Nation's] wishes."

Attached to RLN Investments' opposition memorandum was Mayes' deposition testimony elicited on June 16, 2015. Therein, Mayes testified that he notified Van Cleef about the tree on two separate occasions. Mayes revealed that on the first occasion, he told Van Cleef that "limbs were falling and it looked like [the tree] had been struck by lightning and it was eventually going to fall." On the second occasion according to Mayes' testimony, he told Van Cleef that "the tree was going to fall."

Also attached to RLN Investments' opposition memorandum was Van Cleef's deposition testimony dated October 11, 2016. Therein, Van Cleef denied Mayes' allegations regarding his complaints and/or reports of a problematic tree. Van Cleef was unable to "recall anything about [Mayes] having to pick up limbs or a dead tree or lightning striking a tree or anything like that." Van Cleef "never heard anything about a tree" and could not "remember anything getting hit by lightning or [Mayes] telling [Van Cleef] that there's limbs falling or any of that." Van Cleef noted that had Mayes lodged such a complaint, he would have reported it to Nation. Van Cleef testified that during his entire time as the property's manager, he never reported an issue regarding a tree to Nation.

Nation's deposition testimony, which was elicited on October 11, 2016, was also attached to RLN Investments' opposition memorandum. Therein, Nation agreed that he expected to be informed by Van Cleef about Mayes' alleged complaints regarding the tree. However, Nation revealed that Van Cleef never informed him about the problems or complaints by the tenant.

7

In this case, there is conflicting witness testimony surrounding the knowledge and actions of Messina Realty's agent, Van Cleef, regarding the tree in question. Because of these conflicting views, the credibility of the witnesses must be determined. "The credibility of a witness is a question of *fact*." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. In determining whether a genuine issue exists, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. Specifically, "[a] trial judge cannot make credibility determinations on a motion for summary judgment." *Hutchinson*, 866 So.2d at 234. Based on the facts set forth in the record of this summary judgment and the conflicting witness testimony presented at trial regarding knowledge of the condition of the tree, we find that the trial court erred in granting the motion for summary judgment.

## II.     Negligence

In its third assignment of error, RLN Investments questions whether the indemnity clause in the contract encompasses the negligence of Messina Realty and/or Van Cleef. RLN Investments contends that there is no language in the contract stating that it intended to indemnify Messina Realty or its agents for damages arising from their own negligence.

In response, Messina Realty asserts that the supreme court has held that an indemnity contract can indemnify the indemnitee for the negligent acts of its own employee. In support, Messina Realty cites *Polozola v. Garlock, Inc.*, 343 So.2d 1000 (La.1977), and *Berry v. Orleans*, 01-3283 (La. 6/21/02), 830 So.2d 283.

In *Polozola*, 343 So.2d 1000, the issue was whether an industrial maintenance contractor obligated itself under a maintenance contract with Dow Chemical Company to indemnify Dow employees against losses caused by their own

negligence.  On review, the supreme court referenced Louisiana law which holds that an indemnity contract "whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms." *Id*. at 1003.  The indemnity clause in *Polozola* contained the following language: "whether caused by Dow's negligence or otherwise."  *Id*. at 1002.  The supreme court held that the foregoing language constitutes an unequivocal intention to indemnify Dow employees against losses caused by their own negligence.

In *Berry*, 830 So.2d 283, the Orleans Parish School Board executed a contract with the Lighthouse of the Blind in New Orleans, Inc., for mobility training services to public school students.  The indemnity clause obligated Lighthouse to indemnify the other parties from claims "arising out of the performance of any of the services to be performed pursuant to the terms of" the contract, "regardless of whether or not it is caused in part by a party indemnified hereunder[.]"  *Id*. at 284.  In order to determine whether an indemnitee may be indemnified against its own negligent acts, the supreme court discussed in *Berry* the case of *Arnold v. Stupp Corp*., 205 So.2d 797 (La.App. 1 Cir. 1967), *writ not considered*, 251 La. 936, 207 So.2d 540 (1968), wherein the appellate court surveyed the case law and noted the majority and minority view on this issue:

> The general rule is stated thus:  'A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms. 27 Am.Jr., Indemnity, § 15, page 464; 42 C.J.S. Indemnity § 12, page 580.'  The established principle supporting the rule is that general words alone, i.e., 'any and all liability', do not necessarily import an intent to impose an obligation so extraordinary and harsh as to render an indemnitor liable to an indemnitee for damages occasioned by the sole negligence of the latter.

9

> The minority view is bottomed on the premise that the words 'any and all liability' are unambiguous and the use thereof means just that and the restrictive interpretation adhered to in the majority view is violative of the rule of law that a contract freely entered into, which is not against public policy or prohibited by law, is the law between the parties and subject to judicial recognition and enforcement. 77 A.L.R.2d 1134.
>
> For reasons hereinafter stated we are of the opinion and so hold that Louisiana is committed to the majority view. (Citations omitted)

*Id*. at 286. After reviewing *Arnold* along with other jurisprudence, the supreme court in *Berry* held that the plaintiffs' injuries arose out of the performance of the contract between Lighthouse and the school board, and Lighthouse was required to indemnify the school board.

We note that the language in the indemnity contracts in *Berry* and *Polozola* unequivocally expressed an intention to indemnify the others against claims caused by their own negligence based upon the following terms contained therein: "whether caused by Dow's negligence or otherwise" and "regardless of whether or not it is caused in part by a party indemnified hereunder[.]" *Polozola*, 343 So.2d at 1002, and *Berry*, 830 So.2d at 284. In this case, there lacks similar language showing that RLN Investments intended to indemnify Messina Realty or its agents for damages arising from its own negligence. Accordingly, we find merit to this assignment of error.

### III. Attorney's Fees

On appeal, RLN Investments asserts that Messina Realty is not entitled to recover attorney's fees because the contract does not establish the right to indemnification. In response, Messina Realty contends that RLN Investments specifically agreed to reimburse their attorney's fees for any claims brought against it relating to the contract. In further response, Van Cleef asserts that if the trial court's judgment is affirmed, it should be extended to him because he was Messina

10

Realty's employee acting in the course and scope of his employment. Van Cleef notes that he was not included in the judgment at issue because it was drafted by RLN Investments' counsel. Van Cleef further prays for an award of $3,500.00 in attorney's fees for all work performed on the instant appeal.

At the outset, we note that the trial court's judgment at issue dismissed RLN Investments' third party demands "with prejudice, at their cost." In *Morris v. Schlumberger, Ltd.*, 445 So.2d 1242, 1247 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1345 (La.1984), this court stated:

> The general rule is that the allowance of attorney's fees is limited to defense of the claim indemnified against, and no recovery can be had for attorney's services and expenses incurred in establishing the right to indemnity. However, when specifically provided for by contract, attorney's fees incurred in establishing the right to indemnity may also be recovered.

This court noted that the contract between Schlumberger and Phillips provided for attorney's fees based upon the following language:

> Customer [Phillips] further agrees to protect, indemnify and hold us and our officers and employees free and harmless from and against any and all claims, demands, causes of action, suits or other litigation (*including all costs thereof and attorney's fees*) of every kind and character whenever arising in favor of Customer or any third party . . . on account of bodily injury, death, loss of damage to or loss of use of property . . . and financial loss of any kind: . . ." (emphasis added)

*Id.* at 1247. This court revealed that additional contractual language provided: "'in any way by act or omission occurring incident to arising out of or in connection with the presence of our employee or our equipment on premises controlled, leased, operated or owned by Customer, or its agents or contractors . . . .'" *Id.* According to the foregoing language, this court held that "Schlumberger could recover attorney's fees only for those services and expenses incurred in defense of the claim

11

indemnified against" because the contract failed "to specifically provide for the recovery of attorney's fees incurred in establishing the right to indemnification." *Id.*

In this case, the contract provides that attorney's fees are only warranted if: "[RLN Investments] hereby agrees to hold [Messina Realty] harmless from any and all claims, charges, debts, demands and lawsuits, including attorney's fees related to his management of the herein-described property[.]" This clause, just like the clause in *Schlumberger*, fails to specifically provide for the recovery of attorney's fees incurred in establishing the right to indemnification. Accordingly, we find that Messina Realty and/or Van Cleef is not entitled to recover attorney's fees associated with establishing the right to indemnification based upon the terms of the contract at issue.

## DECREE

For the above reasons, the trial court's judgment in favor Messina Realty, L.L.C., is reversed. The matter is remanded to the trial court for further proceedings. All costs associated with this appeal are assessed to Messina Realty, L.L.C.

**REVERSED AND REMANDED.**